SPERRY (KENOSHA & R. R. CO. v.). See Case No. 7,712.

SPERRY v. LOGAN. See Case No. 13,238.

---

## Case No. 13,238.

SPERRY v. RIBBANS et al.

SAME v. LOGAN et al.

[3 Ban. & A. 260; [1] 1 N. J. Law J. 115.]

Circuit Court, D. New Jersey. March, 1878.

PATENTS—PRELIMINARY INJUNCTION—LACHES.

1. Where a patentee had knowledge of the infringement for nearly two years before applying for a preliminary injunction, and had warned the defendants that they were infringers, a motion for such injunction was denied.

[Cited in Kittle v. Hall, 29 Fed. 511; Pope Manuf'g Co. v. Johnson, 40 Fed. 585.]

2. Patentees must not expect from the court a greater degree of diligence than they themselves exhibit.

[These were bills in equity by John Sperry against Robert C. Ribbans and others and Theodore N. Logan and others, to enjoin the infringement of letters patent No. 40,507, granted to complainant November 3, 1863.]

F. C. Nye, for complainant.
John Whitehead, for defendants.

NIXON, District Judge. These are motions for preliminary injunctions in the two cases above stated. They are by the same complainant against different defendants; but as they involve the same questions and have been argued together, they will be considered and decided together.

The application is to enjoin and restrain the defendants, "provisionally and during the pendency of the suits, from making, using or vending to others to be used, any boxes such as they have heretofore made or sold, or substantially the same as, or containing or embodying or making use of what is claimed substantially," in certain letters patent No. 40,507, "for improvement in manufacturing boxes," dated November 3d, 1863, and issued to the complainant. There has been no adjudication in favor of the validity of the patent; and the counsel of the complainant relies mainly upon the long acquiescence of the public in his possession and use of the same, as a sufficient ground to authorize the court to grant the provisional injunction asked for.

The defendants, in their answers and affidavits, contend that the second claim of the said patent, which is alleged to be infringed, is not only void for want of novelty,

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

but is bad in law, because there is nothing in the specification, drawings or models, which indicates any method of manufacturing a box from a single piece of wood. These, and a number of other questions, were ably discussed on the argument; but one fact appeared, which seems to the court so decisive of the pending motions, that it is unnecessary, at the present stage of the case, to enter into an examination of the validity of the patent—an inquiry always to be avoided, if practicable, until the final hearing.

That fact was this: the complainant, who is also the patentee, learned, as early as the spring of 1876, that the defendants, George A. Mannie & Co.. were manufacturing, and claimed the right to manufacture, the boxes now complained of as an infringement of the second claim of his patent. He states that he saw them and warned them that they were infringers. They would not desist, but insisted upon their right to continue the manufacture and sale. They did continue, and became, with the knowledge of the complainant, the largest producers of wooden boxes of any manufacturers in the market. The complainant quietly acquiesced for nearly two years, and did not serve the defendants with notice of their motions, until about three weeks ago, to wit: on the 6th and 7th of March, 1878.

Patentees must not expect from the court a greater degree of diligence than they themselves exhibit. Under the rules, these cases will be ready for final hearing at the next term of the court. Since the complainant has voluntarily acquiesced in the alleged infringement for twenty-two months, it is not unreasonable that the court, by refusing to interfere, should compel an involuntary acquiescence for six months longer; and especially so, as there has been no suggestion that the defendants are unable to respond in damages for the legal consequences of their acts.

The motion, in each case, is denied.