POPE MANUF'G CO. *v.* JOHNSON.

*(Circuit Court, D. New Jersey.   December 2, 1889.)*

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—LACHES.
   On bill for discovery and accounting of sales of patented articles by defendant under an agreement with complainant, a preliminary injunction will not be granted to restrain defendant from proceeding further under the agreement, where more than three years have elapsed between defendant's first default in making returns and the filing of the bill, and the delay is not explained, and a final decree may be had in less than five months.

In Equity.   On bill for discovery, accounting, and injunction.   Application for preliminary injunction.
   *Wetmore & Jenner,* for complainant.
   *Philip J. O'Reilly,* for defendant.

WALES, J. The complainant has brought suit against the defendant for a discovery, to compel him to make returns of sales and payments of royalties, according to the provisions of an agreement of license between them, and to enjoin him from making, using, or selling any of the patented articles mentioned in the said agreement. By this agreement, dated April 1, 1885, the defendant was to make monthly returns of sales and payment of royalties to the complainant on or before the 10th day of each month, and to perform certain other stipulations as to places of sale, advertising, etc. It is charged that the defendant has not made any returns since January 1, 1886, nor paid any royalties due since November 30, 1885, and that notwithstanding his default in this regard he has continued to sell the patented articles. The bill was filed July 5, 1889, and, pending a final hearing and decree, asks for a provisional injunction of the same tenor, force, and effect as the injunction thereinbefore prayed. An interlocutory decree of this kind is made only when the complainant, being free from fault, has been vigilant in asserting his rights, and it is considered to be necessary to protect his property or business from irreparable loss. More than three years had elapsed between the first default of the defendant and the filing of the bill. This long delay in bringing suit has not been satisfactorily explained or accounted for, and, as a final decree may be obtained in less than five months from now, the complainant will not suffer much additional loss or damage during the intervening period. A preliminary injunction has been refused where the laches of the complainant were less serious than they have been in this case. *Sperry* v. *Ribbans*, 3 Ban. & A. 260; *Spring* v. *Machine Co.*, 4 Ban. & A. 427. In *Bovill* v. *Crate*, L. R. 1 Eq. 388; an interlocutory judgment was refused on the ground of delay, because the plaintiff had known of defendant's infringement in August, and did not file his bill until the following July. See, also, High, Inj. § 7. For the reason stated the present application must be refused.