## Case No. 14,100.

TOPPAN et al. v. NATIONAL BANK–NOTE CO. et al.

[4 Blatchf. 509; 2 Fish. Pat. Cas. 195.] [1]

Circuit Court, S. D. New York.    Sept. 10, 1861.

PATENTS—PROVISIONAL INJUNCTION—PUBLIC USE—FORFEITURE—ABANDONMENT—TRIAL BY JURY.

1. An inventor, by permitting a public use of his invention for more than two years before he applies for a patent for it, forfeits all right to a patent, under section 7 of the act of March 3, 1839 (5 Stat. 354).

2. To obtain a provisional injunction on a patent, the title of the patentee must be strengthened by exclusive possession for some period of time, or by an adjudication sustaining the validity of the patent.

3. Such possession must be one as against the public, and, therefore, a use of the invention before the application for a patent, must, to constitute such possession, be a public use, under an avowed claim of a right to a patent.

4. Questions of forfeiture and abandonment, in a patent suit, ought to be passed upon by a jury.

[This was a motion for a provisional injunction, to restrain the defendants from infringing letters patent [No. 32,370] granted to George C. Howard, May 21st, 1861, for a machine for perforating paper. The bill alleged that Howard, after the issuing of the patent, assigned to the plaintiffs [Toppan, Carpenter & Co.] the exclusive right under it, for one year. It was not stated in the bill when the year began to run, nor was the date of the assignment stated. But I assume that the year commenced on the day of the date of the patent.] [2]

Charles Tracy, for plaintiffs.
Charles M. Keller, for defendants.

SHIPMAN, District Judge. From the allegations of the bill, and the affidavits filed in the cause, I must, in deciding this motion, assume the following facts: 1. That the machine patented was invented by Howard more than four years before he applied for a patent. 2. That, for a valuable consideration to the patentee, and for the profit of the plaintiffs, the former permitted the latter to use one or more of the machines for more than two years before any application was made for a patent. 3. That, at the instance of the plaintiffs, the patentee permitted the American Bank Note Company to construct one or more of the machines, and use them in their business; precisely how long, or upon what consideration, does not appear. 4. That only one month and ten days, or, at the longest, about two months, elapsed, during which exclusive possession of the invention secured by the patent could have been enjoyed either by the patentee or the plaintiffs.

Without touching upon the question of aban-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 4 Blatchf. 509, and the statement is from 2 Fish. Pat. Cas. 195.]

[2] [From 2 Fish. Pat. Cas. 195.]

donment, if I were called upon to decide this motion on the question as to whether or not the patentee had forfeited his right to a patent, under the 7th section of the act of March 3, 1839 (5 Stat. 354), I should, as the case now stands, be compelled to deny the relief asked. I could not resist the conclusion that the use of the machines by the plaintiff with the consent of the patentee, for a period of more than two years before the application for a patent, in the absence of any evidence that a single step was taken to secure one, or that either the inventor or the plaintiffs ever intended to secure one, worked a forfeiture of the right to a patent. It would be difficult, on the present evidence, to hold that the use was not a public one. And, if it was a public use, then the patentee, by permitting such use for more than two years before he made any application for a patent, forfeited all right to one, and his patent is void. This I understand to be the doctrine laid down in McCormick v. Seymour [Case No. 8,726]. In that case Mr. Justice Nelson remarked, in construing the 7th section of the act of 1839, that if a patentee "either sells a machine, or uses one, or puts one into public use two years before his application for a patent, it works a forfeiture of his right."

But I do not wish to prejudge this point of forfeiture in the present case, nor the question of abandonment. Courts should be very tender of the rights of inventors, and not draw hasty conclusions adverse to the validity of their rights secured by patent. I am, therefore, disposed to decide this motion on another ground, and one which will throw no doubt on the validity of this patent, although it is difficult to see how it can be saved, on the conceded facts. I will, therefore, assume, for the purpose of this decision, that there was no public use of this invention prior to the application for a patent, no forfeiture of the patentee's rights by a use of more than two years, and no abandonment and dedication to the public. I will assume that whatever use there was was secret, and under such circumstances that the right to a patent was not lost. But, after all these assumptions, it is equally clear that I can grant no provisional injunction. This extraordinary relief is never granted as a matter of course. It is never granted on filing a bill and producing a patent. The patent itself, although in a certain sense it is prima facie evidence of the validity of the grant, is never sufficiently strong per se to warrant the relief asked for on this motion. The title of the patentee must, in order to obtain this relief, always be strengthened by exclusive possession for some period of time, or by an adjudication in which the validity of the patent has been sustained. This patent never having been litigated, of course no judgment has ever been pronounced in its favor. The right could not have been in the exclusive enjoyment of any one for more than one month and ten days, or, at farthest, about two months, as

the application was made on the 23d of April, 1861, and the patent was granted on the 21st of May, 1861, and, before the first of July following, the defendants asserted their right to use the machine, and insisted that the patent was void. The principle that exclusive possession for a time strengthens the title of a patentee, is founded on the idea that, as it is a claim of right adverse to the public, and the public acquiesce in that claim, such acquiescence raises a presumption that the claim is good. But no such presumption can be raised in this case. There is no evidence that the public, or that small portion of them which would be likely to avail themselves of this invention, knew even of its existence, much less of the existence of an exclusive grant to this patentee or to any one else.

Nor, in this view of the case, can I take into account the possession of the right, and the use of the invention, before the application for the grant of the patent. This is sometimes done on the principle laid down in Sargent v. Seagrave [Case No. 12,365]. But, of course, the use in such a case must be a public use, under an avowed claim of a right to a patent; otherwise, there is no exclusive possession as against the public, and no claim in which the public can acquiesce. In this case, I must assume the use prior to the application to have been secret, or the patent is clearly void. This unavoidably places the plaintiffs, so far as this motion is concerned, between Scylla and Charybdis. To hold that the use prior to the application was a public use, and was exclusive as against the public, would, as it extended beyond two years, wreck the patent. To hold that it was a secret use, away from the eye of the public, sweeps away the ground of exclusive possession and acquiescence by the public, and leaves no foundation upon which the motion can stand. But the latter result is least prejudicial to the patent. The motion is, therefore, denied.

As these questions of forfeiture and abandonment are peculiarly within the province of a jury, I think that unless the answer, when filed, should change the aspect of the case, they should be passed upon by a jury, before an injunction is asked for.