## Case No. 2,012.

### BROWN v. HINKLEY et al.

[6 Fish. Pat. Cas. 370;[1] 3 O. G. 384.]

Circuit Court, E. D. Michigan. April 7, 1873.

PATENT—SURRENDER—INFRINGEMENT—HAND-CARS—INJUNCTION.

1. Where the original patent has been surrendered and canceled, all rights under it have ceased, except as they are secured by the reissued patent.

2. Both divisions of the letters patent reissued to Henry L. Brown, February 11, 1873,

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

for improvement in hand-cars for railroads, cover combinations only.

3. The use of two driving-wheels, of unequal size, in the combination covered by division A of the reissued patent, is a material element; and these being omitted in the combination used by defendants, and nothing being substituted for them which can produce the same result, there is no infringement of said division A.

4. The combination covered by division B, was not covered by the original patent, and the complainant's rights and remedies as to it date only from the date of the reissue. As to it, complainant is in no better position than if the reissue was an original patent instead.

5. To entitle a patentee to the extraordinary writ of injunction, he must substantiate his right, either by a possession, accompanied by an actual use and enjoyment of it for a sufficient length of time to afford a reasonable presumption of the acquiescence of the public in its validity, or by a judgment in his favor in a trial at law. The latter is never necessary where the former exists.

[Cited in Tillinghast v. Hicks, 13 Fed. 391; Hurlburt v. Carter & Co., 39 Fed. 803; R. E. Dietz Co. v. C. T. Ham Manuf'g Co., 47 Fed. 322.]

In equity. Motion for preliminary injunction [to restrain an alleged infringement of a patent right, on the bill of complaint and accompanying affidavits].[2] [Denied.]

The bill [brought by Henry L. Brown against James Hinkley and others] alleges that the invention in question is a new and useful "improvement in hand-cars for railroads," and that a patent [No. 94,469] therefor was duly issued to the complainant, September 7, 1869, and was reissued [No. 5,274] in two divisions, February 11, 1873. The nature of the invention, as set up in the specifications accompanying the original patent, is to obtain greater speed "by means of a peculiar arrangement of sliding pinions connected with the driving-shaft and fixed pinions on an additional crank-shaft, whereby a large pinion on the driving-shaft is made to engage a small one on the crank-shaft, and vice versa." The claim is in the following words: "What I claim as my invention, and desire to secure by letters patent, is the arrangement of the double clutch W, pinions U and V, crank-shaft R, and pinions S and T, substantially as and for the purposes set forth." This patent was surrendered and canceled, and a reissue was granted in two divisions, A and B. In division A the nature of the invention is described the same as it was in the original. The claims in the reissue are set forth with more particularity than in the original. They are as follows: "1. In a hand-car a double crank-shaft carrying two driving-wheels, of unequal size, in combination with the pinions and double clutch, arranged upon the axle substantially as set forth. 2. In a hand-car, the combination of a double crank, carrying two driving wheels of unequal size, with suitable mechanism on the axle, so that the speed can be changed at will, substantially as set forth."

[2] [From 3 O. G. 384.]

In division B, the nature of the invention, as described in the specifications, "relates to the construction of a lever power for running hand-cars, and all similar purposes; and consists in two hand-levers fulcrumed upon the same shaft, one of which has a short dependent arm near its center, so that when the two levers are extended horizontally on a plane with each other, the end of this arm and the end of the other lever, to which the ends of the connecting-rods are attached, will be of the same length and upon the same side of the shaft, thus requiring less room to operate them, and making the connecting-rods, by which they attached to the double-crank, of the same length." The claim in this division is as follows: "The combination of the levers c, d, connecting-rods e, and double cranks, when the parts are arranged to operate substantially as described." The allegations of the bill as to infringements concede that, in the combination used by the defendants, the two driving-wheels, covered by complainant's combination, patented by division A of the reissued patent, are omitted, one driving-wheel only being used. As to the combination used by defendants, covered by division B of the reissued patent, the allegation is as follows: "Retaining, however, the double lever, double crank, and two pitmen of your orator's improvement, and, indeed, everything that is contained in the description and specification accompanying division B of the said reissued letters patent." And the affidavits accompanying the bill are to the same import in both of the particulars above mentioned. It is distinctly stated in the bill that complainant has not manufactured or sold any cars, or in any manner put his invention to use since the reissue of his patent.

[Mr. Millard, for complainant.]
[Mr. Hunt, for defendants.][3]

LONGYEAR, District Judge. The original patent having been surrendered and canceled, all rights under it have ceased, except as they are secured by the reissued patent. Moffit v. Gaar [Case No. 9,690]. Our attention must therefore be confined to the reissued patent.

In order to ascertain what it is that is patented, we look to the claim. Looking at the claims accompanying both divisions of the reissued patent, we find that it covers (as did the original) combinations only, no one or more elements of which are claimed or patented as new. It is a well-settled rule of law, which does not need citations of authorities to prove, that the use of any number of the elements of a patented combination less than the whole, or their equivalents, or what is substantially the same thing, is no infringement. The use of two driving-wheels of unequal size in the com-

bination covered by division A of the reissued patent is a material element, and those being omitted in the combination used by defendants, and nothing being substituted for them which can produce the same result, there is clearly no infringement of said division A made out by the bill. On the contrary, any such presumption is rebutted by the express allegations of the bill.

The bill does, however, show, prima facie at least, an infringement of the combination covered by division B of the reissued patent. But here we meet insurmountable obstacles to granting the relief by injunction in the present posture of affairs. The combination covered by division B was not covered by the original patent; therefore, the complainant's rights and remedies as to it date only from the date of the reissue. As to it, complainant is in no better position than if the reissue was an original patent instead. Poppenhusen v. Falke [Case No. 11,279].

To entitle the patentee to the extraordinary writ of injunction, it is not sufficient for him merely to show his patent and an infringement of it. His right must be further substantiated in one of two ways: First, by a possession accompanied by an actual use and enjoyment of it for a sufficient length of time to afford a reasonable presumption of the acquiescence of the public in its validity; or, second, by a judgment in his favor in a trial at law. The latter, however, is never necessary where the former exists: but I understand it to be essential in all cases that there should be a trial at law in the absence of such use and enjoyment. This has been the rule in England for more than a century, and it has always been the rule in the United States. The decisions by which the rule is established, and the reasons upon which it is based, are too numerous to be cited here. The cases of Ogle v Ege [Case No. 10,462], by Associate Justice Washington, in 1826, and Motte v. Bennett [Id. 9,884], by Associate Justice Wayne, in 1849, are cited as leading cases on this point. In the latter case, Mr. Justice Wayne, after a thorough review of the authorities, English and American, deduces the rule substantially as above laid down. At page —— he says: "In equity, where the case is clear and without reasonable doubt, where the bill states a clear right to the thing patented, which, together with the alleged infringement, is verified by affidavit, and where the plaintiff has been in possession of it, by having sold or used it in part or in the whole, the court will grant an injunction and continue it till the hearing or further order, without sending the plaintiff to law to try his right." In that case it had been contended that a previous trial at law was essential in all cases, and the learned justice was showing that such was not the case and that it

---

[3] [From 3 O. G. 384.]

was never necessary where the other conditions named existed, but clearly conceding the necessity where those conditions or any of their essential elements were wanting.

In this case the patent has not been issued quite two months, and confessedly complainant has put his rights under it to no use whatever, even during that short time, and there has been no trial at law. I do not think a well-considered case can be found in the books where a preliminary injunction has been granted under such circumstances.

There are other objections which might be enumerated, such as the entire want of any verification whatever, by affidavit of complainant's right, under division B of the reissue, the want of the requisite degree of the right kind of knowledge of the persons swearing to the affidavits as to the alleged infringement, and the unsatisfactory nature of the contents of the affidavits; but after the views above expressed, a full consideration of those objections is unnecessary. I shall therefore let this brief notice of them suffice.

The motion for a preliminary injunction is denied, with costs of the motion to the defendants.