SPRIGG (GOOD v.). See Case No. 5,532.

SPRIGG (SEMMES v.). See Case No. 12,657.

_____

## Case No. 13,258.

SPRING et al. v. DOMESTIC SEWING MACH. CO.

[4 Ban. & A. 427; 1 2 N. J. Law J. 274; 16 O. G. 721.]

Circuit Court, D. New Jersey.    July 17, 1879.

PATENTS—PRELIMINARY INJUNCTION—FORMER DECREE ESTABLISHING VALIDITY — HOW OBTAINED—LACHES—ASSIGNMENT.

1. A decree sustaining the validity of a patent, entered upon an agreement between the parties, and vacating a decree in which the court had previously declared the patent void, should have very little weight in any court, when produced as an adjudication in favor of the validity of the patent upon a motion for a preliminary injunction.

2. Where the owners of a patent knew of the infringement, and for two years took no steps to stop it: _Held_, that they were thereby precluded from obtaining a preliminary injunction; _held_ also that the subsequent purchasers of the patent succeeded only to the rights of their assignors, and were chargeable with their laches.

[Cited in Washburn & Moen Manuf'g Co. v. Griesche. 16 Fed. 670; Hurlburt v. Carter, 39 Fed. 803; Pope Manuf'g Co. v. Johnson, 40 Fed. 585.]

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[This was a bill in equity by Charles Spring and others against the Domestic Sewing Machine Company for the infringement of letters patent No. 23,957, granted to complainants May 10, 1859. Heard on motion for a provisional injunction.]

George E. Betton, for complainants.
John Dane, Jr., for defendant.

NIXON, District Judge. I am not satisfied that this motion for a provisional injunction ought to prevail. It is asked for on two grounds: (1) on account of a decree of a court of equity, establishing the validity of the complainants' patent; (2) public acquiescence.

1. With regard to the judicial decree, the opinion of the circuit court for the district of Massachusetts was, first, against the patent, declaring it a nullity. Doubtless for proper and sufficient reasons, the decree was vacated and an order entered "that the agreement of the parties annexed to a petition marked B be confirmed, with the same effect as between the parties, as if the parties and things agreed and consented to in said agreement were now ordered, adjudged and decreed by the court." No criticism is intended upon the propriety of the decree itself, as between the parties, when it is said that it should have very little weight in any court when produced as an adjudication in favor of the validity of a patent.

2. As to public acquiescence, the affidavits filed in the case by the complainants to sustain this application, show that many have not acquiesced, and that the owners of the Spring patent have been aware of the alleged infringement of the defendant corporation for two years past.

Leaving out of view other depositions, the complainants have put in one by George E. Betton, sworn to September 14th, 1877, and one by Levi S. Stockwell, then president of the Howe Machine Company, sworn to October 7th, 1877, in both of which the infringement by the Domestic Sewing Machine Company is fully set forth. Mr. Stockwell affirms that the Howe Machine Company was for several years the licensee of Andrew and Charles Spring, and, that, after its extension, the company had become and was then the owner of one-half of the said patent. The bill of complaint claims that Mr. Betton was at that time the owner of the other half, so that we have proof produced by the complainants themselves that the owners of the patent, in the summer and autumn of 1877, knew of the alleged infringement, and, so far as it appears, took no steps to stop it. The present complainants have succeeded only to their rights, and are chargeable with their laches.

The application for an injunction must stand over to the final hearing; but, upon proof of any unnecessary delay on the part of the defendant company to put in their testimony, the complainants have leave to renew the motion.