FISH *v.* DOMESTIC SEWING MACHINE Co.

(*Circuit Court, S. D. New York.* May 13, 1882.)

1. PATENT FOR INVENTION—DELAY IN APPLICATION FOR REISSUE.

The numerous patents obtained by the patentee between the time of his alleged invention and the time of his application tends strongly to refute his theory for delaying to make such application.

2. REISSUE—REFERENCE TO FORMER APPLICATION.

The fact that a patentee failed to refer in a former application to a feature subsequently patented by him pertaining to and used for the same purpose as the former, alleged to have been made by him prior to the one first patented, is very improbable, as the mention of such would have been a most important contribution to the value of the former.

3. SAME—PRELIMINARY INJUNCTION DENIED.

> Motion for preliminary injunction denied where patents have not been established, and complainants show only a limited acquiescence on the part of manufacturers, and defendant for years openly asserting their invalidity.

In Equity.

*T. C. Woodward,* for plaintiff.

*John Dane,* for respondent.

WALLACE, C. J. I am not satisfied that complainant had perfected the invention described in his patent of February 13, 1872, any considerable length of time before his application for that patent. The numerous patents obtained by him between 1859 and the application tend strongly to refute his theory for delaying to make application. It is very improbable that he had invented his locking device at the time he applied for the patent of 1872, as that patent does not hint at any such feature, and it would have been a most important contribution to the value of that patent. In this view of the case, I think the defendant has succeeded in casting sufficient doubt upon the originality of the invention to defeat an application for a preliminary injunction. The patents have never been established. The complainant shows only a limited acquiescence on the part of manufacturers, while the defendants for several years seem to have openly asserted their invalidity, and the right to appropriate the improvements.

The motion is denied.