BRADLEY & HUBBARD MANUF'G CO. *v.* THE CHARLES PARKER CO.

*(Circuit Court, D. Connecticut. July 17, 1883.)*

1. PATENTS FOR INVENTIONS—INJUNCTION PENDENTE LITE—INFRINGEMENT.

An injunction *pendente lite*, to restrain a defendant from the infringement of a patent, will not be granted when the validity of such patent has never been judicially determined and is in doubt.

2. SAME.

The questions in regard to the validity of the plaintiff's patent, and which prevent a preliminary injunction, stated.

Motion for Preliminary Injunction.

*Chas. E. Mitchell* and *O. H. Platt,* for plaintiff.

*Chas. R. Ingersoll,* for defendant.

SHIPMAN, J. This is a motion for a preliminary injunction to restrain the defendant from the infringement, *pendente lite,* of reissued letters patent, dated April 20, 1877, to the plaintiff, as assignee of John A. Evarts, for an improvement in extension lamp fixtures. The original patent was dated October 31, 1876. The invention related to an improvement in the class of lamp fixtures which is so constructed that the lamp and shade, when suspended, can be drawn down together and will rest at different elevations. In the original specification the invention was said to consist "in a weighted ring, which forms substantially a crown for the shade when the two are together suspended by one end of chains or cords over pulleys from the support above, combined with a shade-holder attached to the second end of the said chains or cords, and the lamp attached to the said shade-holder." The claim in the original patent was as follows:

"The combination of the weight-ring, B, the shade-ring, A, to which the lamp and shade are attached; the said shade-ring and weight-ring adjustably connected by chains or cords from a support above the said weight-ring, constructed to rest upon or crown the shade, all substantially as described."

In the reissue the invention is said to consist in "combining in an extension lamp fixture a shade-ring provided with a device for removably securing the shade to the ring, with the lamp attached to said shade-ring, and a weight of ring form to serve as a counter-balance; the said ring-shaped weight and shade-ring connected by chains or cords over a suitable support above, so that the lamp and shade may be drawn down, the weight-ring rising from the shade-ring."

The first claim of the reissue is as follows:

"The combination, in an extension lamp fixture, of the shade-ring, a device for removably securing the shade to the ring, the lamp attached to said shade-ring, the ring-shaped weight and shade-ring, connected by chains or cords over a support above, substantially as described."

In the second claim the shade was added to the combination of the first claim. In view of the history of the original patent in the patent-office, and of the original specification, the claims of the reissue should be so construed as to compel the weight-ring to rest upon or

crown the shade, meaning thereby the shade-ring.   No adjudication upon the patent has ever been had.   The invention has had great commercial success, and I shall assume that the validity of the patent has been, in substance, acquiesced in from its date to the time of its infringement by the defendant, which has recently entered upon the manufacture of a substantial imitation of the Evarts fixture, to the serious injury of the plaintiff.

A temporary injunction must, therefore, be ordered, unless the defendant can show that, notwithstanding the acquiescence of the public, a fair and substantial question exists in regard to the validity of the patent, and that, therefore, it is proper that its validity should not be prejudged by an injunction order, although the defendant has been until recently a stranger to the lamp business, and is seriously injuring its neighbors by this new rivalry.

The main question which the defendant presents is that of patentability, in view of the state of the art.   The tendency of late decisions of the supreme court is to the effect that this question is one which is to be examined with increased care.   *Slawson* v. *Grand St., etc., R. Co.* 24 O. G. 99; [S. C. 2 Sup. Ct. Rep. 663;] *Atlantic Works* v. *Brady,* 23 O. G. 1330; [S. C. 2 Sup. Ct. Rep. 225.]   The theory of the defendant, and the two questions which, it seems to me, are of sufficient importance to call for a stay of judgment until final hearing, may be stated as follows:

The Mitchell, Vance & Co. fixture, which preceded the Evarts invention, "employed a metal shade, to which the lamp-holder was riveted, so that it became a fixed and permanent part of the lamp-holder.   The end of two chains was attached to this shade.   The chains, passing over pulleys above, thence down, were attached to a ring-shaped weight, which would set down upon the top of the shade," the weight being of the same circumference with the shade-top.   The construction was not adapted to a glass or removable shade.   The actual invention of Evarts was the adaptation of this construction to the necessities of a porcelain shade, and consisted in the same arrangement of ring-shaped weight and chains in connection with the metallic rim which received the neck of the shade, and to which was directly attached the lamp-holder.   The rim or ring of the shade was provided with a set-screw, so that the porcelain part of the shade could be disconnected from the rim for convenience in packing.   The defendant says that this porcelain shade, with its metallic rim and lamp-holder directly attached thereto, was a well-known method of construction, and that when once the idea of a ring-shaped weight, of the same diameter with the top of the shade, suitably connected by chains with the shade-top, which was also firmly connected with the lamp-holder, was known, the method of adapting the invention to the necessities of porcelain shades was a matter of the common knowledge of a maker of lamp fixtures.   *Atlantic Works* v. *Brady, supra.*

The second point is a more technical one, and is founded upon the principle which is thus stated in *Pickering* v. *McCullough*, 104 U. S. 310.

"In a patentable combination of old elements, all the constituents must so enter into it as that each qualifies every other. * * * It [the combination] must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions."

The defendant says that the object of this improvement was so to construct a porcelain extension lamp fixture that the lamp and shade could together be raised or lowered at the will of the operator, and would remain in position at any desired point; that a device for removably securing the shade to the ring contributes nothing to this result, and does not enter into the combination so as to keep or co-operate with the other elements.

I am of opinion that, in view of the nature of these questions,—the first more particularly,—it is proper that an injunction should not be granted.