EDWARD BARR Co., Limited, *v.* NEW YORK & NEW HAVEN AUTOMATIC SPRINKLER Co.

*(Circuit Court, S. D. New York. August 18, 1887.)*

1. PATENTS FOR INVENTIONS—RIGHT TO PRELIMINARY INJUNCTION—PRESUMPTION OF VALIDITY.

To entitle a complainant to a preliminary injunction, restraining the infringement of letters patent, there must be a special presumption in favor of the validity of the patents, arising from an adjudication in a federal court, acquiescence by the public, or a successful interference in the patent-office.

2. SAME—FIRE-EXTINGUISHER.

A preliminary injunction, restraining the infringement of letters patent No. 307,456, November 4, 1884, and No. 357,987, February 15, 1887, for automatic "fire-extinguisher," denied, as nothing appeared in the motion papers showing such a former adjudication, public acquiescence, or successful interference in the patent-office, between the parties or their privies.

3. SAME—PRESUMPTION—PARTIES TO—RESTRICTION OF—INTERFERENCE.
    A presumption of validity arising from a successful interference in the patent-office only applies against the parties to the interference and their privies. It does not extend to litigants who do not make the infringing article under a grant from the interferer.

*Philip R. Voorhees*, for complainant.
*Wetmore & Jenner*, for defendant.

LACOMBE, J.  This is an application for a preliminary injunction to restrain defendants from infringing two patents owned, in whole or in part, by complainant.  Both these patents cover improvements in apparatus for the automatic extinguishment of fires.  The first patent, No. 307,456, was granted November 4, 1884, to Frank Gray, and it is contended that one claim only of such patent is infringed.  The other patent, No. 357,987, was granted February 15, 1887, to William S. Gray, (jointly with Frank Gray,) and it is contended that it is infringed in its entirety.

Before a preliminary injunction to restrain infringement of a patent is granted there must be a special presumption that the patent is valid. That presumption does not arise from the presentation of the unattended letters patent.  It may be shown, however, by proof, that the patent has been suitably adjudicated in a federal court, and there held valid, or that its validity has been suitably acquiesced in by the public, or that the patent has successfully undergone an interference in the patent-office. When either of these facts appears, the validity of the patent will be presumed.  Walk. Pat. § 665, and cases cited.

As to the first of these patents, (No. 307,456, to Frank Gray,) that namely for an independent pipe, there has been neither adjudication nor interference.  The only proof of acquiescence is a general allegation in the bill; no facts bearing on this point are disclosed.  Nearly three years have elapsed since its issue, but to what extent specimens of the patented article were made and sold by the patentees, or under their license, or, indeed, whether any one ever made or used such apparatus, does not appear.  The complainant, therefore, has not made out such *prima facie* case as entitles him to a preliminary injunction under the first patent.

As to the second patent, there has been no adjudication, and the time since it was issued is so short that, without exceptional circumstances, (which are not shown,) it cannot be claimed that there has been general acquiescence.  The complaint relies on a successful interference in the patent-office, to which one Bishop was a party.  That such a successful interference is sufficient ground for presuming the validity of a patent is abundantly settled by authority, with one restriction; namely, that such presumption arises only against the parties to the interference, and their privies.  In *Greenwood* v. *Bracher*, 1 Fed. Rep. 856; *Smith* v. *Halkyard*, 16 Fed. Rep. 414; and *Pentlarge* v. *Beeston*, 14 Blatchf. 354,—the defendants had been parties to the interference.  In *Holliday* v. *Pickhardt*, 12 Fed. Rep. 147, the defendants were the representatives of Caro, who was a party to the interference, and whose product was before the patent-

office. In *Peck, etc., Co.* v. *Lindsay*, 18 O. G. 63, 2 Fed. Rep. 688, the interfering application was put in by one Webb; "patent to be issued to his assignees, Landers, Frary & Clark," who were defendants' vendors. In *Celluloid Manuf'g Co.* v. *Chrolithian Co.*, 32 O. G. 383, 24 Fed. Rep. 275, the plaintiff was the assignee of Sanborn, to whom the patent was granted after an interference declared between him and one Kanouse, "an aplicant for a patent for the same invention, for the benefit and at the expense of the defendants," who "were heard upon the questions involved in the interference case, and were privies to the judgment upon it."

No authority is shown for extending the principle invoked to cover litigants who do not manufacture the alleged infringing article under the grant, assignment, or permit of the interferer, and who did not, either personally or through the interferer, have the opportunity to be heard in the patent-office. In the case at bar, the defendants use, as part of their apparatus, a particular piece of mechanism invented and patented by Bishop, but concededly it has nothing to do with either patent sued on, and is no infringement. Bishop is also in defendants' employ, though in what capacity does not appear: certainly he is not an officer of the company. An affidavit sworn to by him has been read by defendants on this motion. Those facts, however, do not make them his privies. They do not claim the right to manufacture under any grant or permission from him, nor is there anything to show such a community of interest as would warrant the inference that his interference in effect secured to defendants their opportunity to be heard in the patent-office. Motion denied.