HURLBURT *et al. v.* CARTER & Co., Limited.

(*Circuit Court, N. D. New York.* September 14, 1889.)

PATENTS—INFRINGEMENT—PRELIMINARY INJUNCTION.

On bill for infringement of a patent, it appeared that the patent had never been adjudicated, and that many infringing devices existed. An averment in the moving papers that the patent had been recognized by the public was not supported by facts. The defense involved the validity of two patents. Defendant had invested large sums in business, with the knowledge of complainants, who were guilty of laches in asserting their rights. Defendant was amply responsible, and it appeared would suffer greater injury from a preliminary injunction than complainants would if it were refused. *Held,* that a preliminary injunction would not be granted, even though defendant did not cast serious doubt on the validity of complainants' patent.

In Equity. On motion for a preliminary injunction.

Bill by Charles A. Hurlburt and others against Carter & Company, Limited, to restrain an alleged infringement of a patent.

*Wells W. Leggett,* for complainants.

*W. Caryl Ely,* for defendant.

COXE, J. The complainants' patent, No. 288,048, was granted to John H. Frink, November 6, 1883, for an improvement in duplicate sales-slips. The patent has never been adjudicated. There is no proof of acquiescence. True, a general statement that the patent has been recognized and respected by the public appears in one of the affidavits, but it is unsupported by facts. Names, places, and figures are wanting. An indefinite averment of this character avails but little, especially when it also appears by the moving papers that infringing devices in large numbers have been openly sold and used since January, 1887, in the complainants' own city.

The defendant insists that its copying-books are manufactured under a reissued patent owned by it, and that the complainants' patent is invalidated by a prior patent granted to John R. Carter. These defenses necessarily involve a careful analysis of the patents referred to, and a determination as to the validity of the reissue. Although they do not, as now presented, offer a formidable barrier to the complainants' recovery, yet, in the light of the final hearing, they may, perhaps, assume a different aspect.

It is strenuously asserted, and not satisfactorily denied, that the defendant has invested large sums in its business with the knowledge of the complainants, and that the latter have been guilty of inexcusable laches in asserting and maintaining their rights. The defendant is amply responsible, and will suffer greater injury if the injunction is granted than the complainants will if it is withheld. The cause is one which, if due diligence is used, can be prepared for argument at the next term of the court.

In these circumstances, even though it be conceded that the defendant has not succeeded in casting serious doubt upon the validity of the

complainants' patent, it would seem that the safer and wiser course will be not to permit this severe and arbitrary writ to issue at the present time. *Fish* v. *Sewing-Machine Co.*, 12 Fed. Rep. 495; *Brown* v. *Hinkley*, 6 Fish. Pat. Cas. 370; *Hockholzer* v. *Eager*, 2 Sawy. 363; *Spring* v. *Sewing-Machine Co.*, 4 Ban. & A. 427; *Keyes* v. *Smelting Co.*, 31 Fed. Rep. 560; *Kittle* v. *Hall*, 29 Fed. Rep. 508, and cases cited on page 511. The complainants are at liberty to move, upon proper proof, for a bond, and, if the final hearing is unreasonably delayed by the defendant, this motion may be renewed.