## JOHNSON *et al. v.* ALDRICH *et al.*

(*Circuit Court, N. D. New York.* December 23, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction to restrain the manufacture of an alleged infringement of a patent will not be granted when the patent has never been adjudicated, and there is inadequate proof of public acquiescence, and the infringement is denied; and defendants have been engaged in the manufacture for a long time without opposition, and have an extensive business, while the complainants have owned the patent for only three months, and defendants are not shown to be pecuniarily irresponsible; and the effect of an agreement not to manufacture the patented article, signed by one of defendants, is doubtful at least as to the other defendants.

In Equity. Motion for a preliminary injunction.

The complainants are the owners of letters patent No. 226,668, granted to Nicholas A. Menaar, April 20, 1880, for an improvement in tea-kettles. The patent was assigned to the complainant in the autumn of the present year. The action is founded upon the patent, and also upon an agreement made by the defendant, Schuyler Aldrich, in the spring of 1884, in which is the following covenant: "I will not at any time hereafter within the life of the said letters patent, without the license of the owners of the said letters patent, manufacture and sell tea-kettles which are covered and claimed in the claims of the said letters patent." The complainants insist that this agreement estops the defendants from contesting the validity of the patent. The kettle now complained of as an infringement, which the defendants have made since 1886, is of a somewhat different construction from the one manufactured by the defendant Schuyler Aldrich, prior to the agreement. The defendants contend that the present construction does not infringe. The patentee, Menaar, was employed by the defendants during the time these kettles were being manufactured. The bill alleges that the defendants have been engaged in infringing upon the patent since the spring of 1884. The defenses, as foreshadowed in the affidavits, are that the patent is anticipated and void for want of novelty and invention; that the defendants do not infringe; that the defendant Schuyler Aldrich was induced to enter into the agreement referred to by fraudulent representations; and, finally, that the court has no jurisdiction of the action, which is, in reality, a suit upon the covenant, and not upon the patent.

*James A. Allen* and *George Wing*, for complainants.

*Antonio Knauth*, for defendants.

COXE, J., (*after stating the facts as above.*) An injunction should not issue at this stage of the litigation, for the following reasons: *First.* The

patent has never been adjudicated, and the proof of public acquiescence is inadequate.   *Second.* There is a controversy upon the question of infringement.   *Third.* The structures complained of have been made by the defendants since 1886, without opposition from the owners of the patent. *Fourth.* The complainants have owned the patent for about three months only.   It is hardly possible, therefore, that they have built up an extensive business under it.   *Fifth.* The defendants have been for years in the business, and will be seriously injured by an injunction.   *Sixth.* There is no proof that the defendants are pecuniarily irresponsible.   *Seventh.* The instrument of which an estoppel is predicated was executed by one of the defendants only, and it is, at least, doubtful whether the other defendants, who did not sign it, can be bound by its provisions.   The motion is denied.