### PAGE v. BUCKLEY.

(Circuit Court, N. D. Illinois. January 7, 1895.)

PATENTS—PNEUMATIC TESTERS FOR CANS—PRELIMINARY INJUNCTION REFUSED.
  Application for preliminary injunction on reissue patent No. 11,443, reissued September 25, 1894, to William B. Page, for an improvement in pneumatic testers for cans, refused on the ground that there had been no adjudication of the patent and nothing that amounted to public acquiescence.

This was an application for a preliminary injunction to restrain infringement of the reissued letters patent No. 11,443, dated September 25, 1894, to William B. Page, for an improvement in pneumatic testers for cans.

Walter H. Chamberlin, for complainant.
Banning & Banning, for defendant.

GROSSCUP, District Judge. There has been no adjudication of the validity of complainant's patent outside of the finding of the patent office in an interference hearing, and nothing that amounts to public acquiescence. The decision of the patent office deter-

mined that the complainant's and defendant's inventions were the same, and that complainant's, in point of time, was prior; but its validity, in view of the state of the art, was not inquired into, much less determined. The issuance of a patent, in this circuit at least, is not sufficient prima facie evidence of the novelty of the invention as justifies an injunction.

Neither is defendant, by the fact of having presented a claim for a patent for the same invention, barred from denying novelty. The right against monopoly is a general right, in which defendant shares, until it is adjudicated in a real contest that the invention has not been anticipated and the patent is in other respects valid.

Injunction denied.