## GEORGE ERTEL CO. v. STAHL.

### (Circuit Court of Appeals, Seventh Circuit. January 18, 1895.)

### No. 201.

PATENTS—INFRINGEMENT—INJUNCTION PENDENTE LITE.

An injunction pendente lite to enjoin infringement of a patent should not be granted, the fact of infringement not being clear from doubt, and defendant being financially responsible.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Suit by one Stahl against the George Ertel Company to enjoin infringement of a patent for an improvement for regulating mechanism for incubators. From an order allowing an injunction pendente lite, defendants appeal.

George H. Knight and Melville Church, for appellants.

L. H. Berger and Sprigg, Anderson & Vandeventer, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge. This is an appeal from an order allowing an injunction pendente lite, upon bill filed to enjoin the alleged infringement of the second claim of patent No. 210,559, issued November 11, 1878, to Edward S. Renwick, for "improvement in regulating mechanism for incubators," etc. The invention relates to a mechanism for opening and closing heat-controlling valves by which the temperature of the chamber of the incubator is regulated. The mechanism is controlled by the expansion and contraction of thermostatic bars arranged within, and influenced by the temperature of, the chamber. The thermostatic device described in the specification consists of two horizontal bars, each composed of materials of different thermostatic capacity, arranged horizontally, and supported at their ends. The bars are connected by a system of levers by which, upon expansion or contraction, they communicate motion to the other parts of the mechanism, whereby the valves admitting heat to the chamber are closed or opened. The two thermostatic bars are connected by a lever, the bearing of the fulcrum shaft of which is carried by the upper bar, while the arm of the lever is connected by a pivot and rod with the lower thermostatic bar. The specification asserts that it is preferred to arrange the thermostatic bars over each other and horizontally flatwise, and in such case it is preferred to counterpoise a portion of the weight of one or both bars, by means of the counterpoise described, adjustable along the arm of the counterpoise lever, connecting the counterpoise with the upper thermostatic bar. The practical effect of this counterpoise— so speaks the specification—is to prevent the weight of the bars themselves from materially affecting their curvature, and of rendering their curvature, by variation of temperature, more free. The inventor declares that a single thermostatic bar or thermometer may

be employed in the place of two combined bars, if the combination of thermostatic bars and connecting lever be not used. The second claim of the patent, which is alone here involved, is as follows: "The combination, substantially as before set forth, of a thermostatic bar arranged horizontally with a counterpoise weight."

The appellants' alleged infringing device is constructed in accordance with patent No. 518,522, dated April 17, 1894, issued to George Ertel. There the single thermostatic bar consists of a strip of rubber fastened at either end. A rod attached to the middle of the bar extends upward through the top of the egg chamber to, and passes freely through, a lever, and is suitably engaged therewith by a nut on the threaded end of the rod. The free end of this lever is connected by a link with another lever having a knife-edged bar on supports, and carrying at its free end an adjustable weight. The forward end of this lever is connected by a rod to a valve forming a cover for the upper end of the heat flue of the incubator. This valve, when closed, forces the heat into the egg chamber; when opened, permits its escape to reduce the temperature of the chamber.

It is contended by the appellants that this device in no proper sense infringes the claim of the patent in suit; that it is not applied to counteract the tendency of the thermostatic bar to sag, and that it performs a function wholly different from the counterpoise weight of the patent in suit; that the function of the one is to counteract the sag of the bars; of the other, to tilt the lever and raise the heat valve when, through the operation of the thermostatic bars, the lever is released. Upon the other hand, it is insisted that with a single thermostatic bar the function of the counterpoise weight is to take up the expansion of the bar, and transmit it to the lever, and that the function of the weight is the same in both devices.

In Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, and 56 Fed. 718, we declared the principles which should govern in granting injunctions in patent cases pendente lite. We are satisfied that this case falls within the principles there asserted. We do not deem it proper here and now to say more than this: that the fact of infringement is not clear from doubt. The issuance of the patent for the device of the appellants raises a certain presumption that it does not infringe the prior patent of the appellee. That presumption has not, for the purpose of an injunction before decree, been overcome to such extent that we can say the fact of infringement is not doubtful. There has been no adjudication sustaining the validity of the patent in suit. The public acquiescence asserted we regard of doubtful character; as referred to the particular device alleged to be here infringed, neither clearly stated nor well sustained by proof. If, however, the fact were otherwise respecting the question of public acquiescence, and the validity of the patent may be said to be conclusively established, we should regard the question of infringement to rest in such doubt that, within the principles governing the granting of preliminary injunctions, we think the restraining order here ought not to have issued. The pecuniary ability of the appellants to respond in damages, if they shall

ulimately be adjudged infringers, is not impugned. Within the settled doctrine of this court, the injunction was improvidently granted, and the order appealed from must be reversed.