PALMER PNEUMATIC TIRE CO. v. NEWTON RUBBER WORKS (three cases).

(Circuit Court, D. West Virginia. March 14, 1896.)

Nos. 415–417.

1. PATENT INFRINGEMENT SUITS—PRELIMINARY INJUNCTIONS.

It is now settled that a patent alone does not create a sufficiently strong presumption of its own validity to justify the granting of a preliminary injunction. There must be either a prior adjudication sustaining the patent, or a continuous public acquiescence, creating a strong presumption of its validity, or it must have withstood a contest by interference in the patent office.

2. SAME—PROOF OF ACQUIESCENCE.

Where public acquiescence is not alleged in the bill, it is insufficient to aver universal acquiescence, by mere general statements in the affidavits filed by complainant; and when such evidence is met by a number of witnesses, giving names, dates, and places, who testify that, for nearly two years before the suit, several manufacturers, including complainant's principal competitors, have been making and selling goods similar in all material respects to those of the patent, a preliminary injunction must be denied.

These were three suits by the Palmer Pneumatic Tire Company against the Newton Rubber Works for alleged infringement of three patents. Complainant has moved for a preliminary injunction.

Dyrenforth & Dyrenforth, for complainant.

Leonard E. Curtis and Parker W. Page, for defendant.

GOFF, Circuit Judge. The Palmer Pneumatic Tire Company, a corporation organized and existing under and by virtue of the laws of the state of Illinois, on the 2d day of November, 1895, instituted three separate suits in equity against the Newton Rubber Works, a corporation organized and existing under and by virtue of the laws of the state of West Virginia, and said suits are now pending in the circuit court of the United States for the district of West Virginia. It is claimed in the bills that the complainant is the owner of three certain letters patent of the United States, to wit, No. 489,714, No. 493,220, and No. 532,902, issued, respectively, on the 10th day of January, 1893, the 7th day of March, 1893, and the 22d day of January, 1895, to one John F. Palmer, and by him duly assigned to said Palmer Pneumatic Tire Company. The first of said letters patent relates to a "new and useful improvement in bicycle and other tubing"; the second, to "a new and useful improvement in fabric"; and the third, to "a new and useful improvement in textile fabric for tubing envelopes." The bills allege that the complainant has invested large sums of money in manufacturing, introducing, and securing the sale of said patented articles, and that thereby they have become known and in general use throughout the United States; that the defendant, since the granting of the said letters patent, in infringement of the same, and in violation of the complainant's exclusive rights thereunder, has made, used, and sold the said articles and improvements described and claimed in said letters patent; and that

defendant persists in so doing, to the great and irreparable loss and damage of the complainant. The relief asked is that defendant be restrained from further infringing said patents, for an accounting, and for damages. The cases are now before the court on motions made by the complainant for preliminary injunctions.

It must be conceded that the mere patent itself is an unsatisfactory foundation on which to base a preliminary injunction. The rule is now well established that the patent alone does not create a sufficiently strong presumption as to its own validity to justify a court in granting a preliminary injunction. It must be established either by prior adjudication, or a strong presumption of its validity must exist because of continuous public acquiescence, or it must have successfully withstood an action by interference in the patent office. White v. Manufacturing Co., 3 Fed. 161; De Ver Warner v. Bassett, 7 Fed. 468; Steam Gauge & Lantern Co. v. Miller, 8 Fed. 314; Bradley & Hubbard Manuf'g Co. v. Charles Parker Co., 17 Fed. 240; Edward Barr Co. v. New York & N. H. Automatic Sprinkler Co., 32 Fed. 79; Dickerson v. Machine Co., 35 Fed. 143; Standard Elevator Co. v. Crane Elevator Co., 6 C. C. A. 100, 56 Fed. 718; Machine Co. v. Williams, 2 Fish. Pat. Cas. 135, Fed. Cas. No. 5,847; Toppan v. Bank-Note Co., 2 Fish. Pat. Cas. 195, Fed. Cas. No. 14,100; Mowry v. Railway Co., 10 Blatchf. 89, Fed. Cas. No. 9,893; George Ertel Co. v. Stahl, 13 C. C. A. 31, 65 Fed. 519.

It is admitted that neither one of the patents in question has ever been in litigation; so that there is no adjudication as to their validity. Then, has the complainant alleged or shown any circumstances in the nature of an estoppel precluding the defendant from denying the validity of the patents, or either of them? The insistence of the complainant on this point is that the validity of its patents has been established by public acquiescence. In neither one of the bills has public acquiescence been alleged, although, by general statements in affidavits filed by complainant, universal acquiescence in the validity of its patents is claimed. This is not sufficient. Edward Barr Co. v. New York & N. H. Automatic Sprinkler Co., 32 Fed. 79; Hurlburt v. Carter & Co., 39 Fed. 802; Johnson v. Aldrich, 40 Fed. 675; George Ertel Co. v. Stahl, 13 C. C. A. 29, 65 Fed. 517; Orr v. Littlefield, 1 Woodb. & M. 13, Fed. Cas. No. 10,590; Toppan v. Bank-Note Co., 4 Blatchf. 509, Fed. Cas. No. 14,100; Guidet v. Palmer, 10 Blatchf. 217, Fed. Cas. No. 5,859. In reply to this, the defendant shows by a number of witnesses, who give names, dates, and places, that, for nearly two years before these suits were instituted, several different manufacturers in this country, including the principal competitors of the complainant, have been extensively engaged in the making and selling of bicycle tires which, in the judgment of said witnesses, are substantially similar in all material respects with those made by the complainant under the patents in controversy. A careful consideration of all the affidavits filed forces the conclusion that there has been no such public acquiescence in the validity of either one of the patents in suit as will justify the court in awarding a preliminary injunction against the defendant.

220 73 FEDERAL REPORTER.73 FEDERAL REPORTER.

It also appears from the answers filed by defendant, as well as by affidavits used by it on the hearing of these motions, that the validity of the patents is seriously contested. It is evident that this is one of the important, intricate, and disputed questions of fact involved in these suits, and that it should come up for determination after the parties have had ample time to properly present it, by full and orderly proof, and this also, in my opinion, renders it improper, in this controversy at least, to resort to the exercise of the extraordinary writ asked for. Parker v. Sears, 1 Fish. Pat. Cas. 93, Fed. Cas. No. 10,748; Machine Co. v. Adams, Fed. Cas. No. 752; Cross v. Livermore, 9 Fed. 607; Goodyear v. Dunbar, 1 Fish. Pat. Cas. 472, Fed. Cas. No. 5,570; Fish v. Machine Co., 12 Fed. 495; American Nicholson Pavement Co. v. City of Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312; Goebel v. Supply Co., 55 Fed. 828; Page v. Buckley, 67 Fed. 142; Bowers v. Bridge Co., 69 Fed. 640; Brown v. Hinkley, 6 Fish. Pat. Cas. 370, Fed. Cas. No. 2,012; Hockholzer v. Eager, 2 Sawy. 361, Fed. Cas. No. 6,556; Spring v. Machine Co., 4 Ban. & A. 427, Fed. Cas. No. 13,258.

There having been no adjudication establishing either one of the patents in controversy, and finding as the court does on the question of public acquiescence, it follows that other matters referred to by counsel in argument need not now be passed upon. The preliminary injunctions asked for by the complainant are refused.