CELLULOID MANUF'G CO. and others *v.* CHROLITHIAN COLLAR & CUFF
Co. and others.

*(Circuit Court, S. D. New York.   July 6, 1885.)*

PATENTS FOR INVENTIONS—EFFECT OF DECISION UPON INTERFERENCE—INFRINGE-
MENT—PRELIMINARY INJUNCTION—ANTICIPATION.

A decision upon an interference is not conclusive in suits upon the patent
granted in pursuance of it.   But it is a sufficient adjudication upon the patent-
ability of the invention, and the right of the successful party to a patent for
it, to lay the foundation for a preliminary injunction against the losing parties
and privies to prevent infringement of the patent; and neither alleged antici-
pation of the invention by others, known to them while they were seeking to
obtain a patent for it themselves, nor their own alleged invention, will avail
them to prevent the injunction, without being made clearly to appear.

In Equity.

*C. Wyllys Betts* and *Frederic H. Betts,* for orators.

*John P Adams,* for defendants.

WHEELER, J.   The patent in question in this case, No. 288,955,
dated November 20, 1883, for a collar or cuff of celluloid, was granted
to Albert A. Sanborn, assignor, after an interference had been de-
clared between him and Charles A. Kanouse, an applicant for a pat-
ent for the same invention for the benefit and at the expense of the
defendants, had been decided in favor of Sanborn.   The defendants
had an opportunity to be and were heard upon the questions in-
volved in the interference case, and were privies to the judgment upon
it, and are bound by the judgment to the same extent as parties to the
record.   The decision upon an interference is not conclusive in suits
upon the patent granted in pursuance of it.   Rev. St. § 4914.   But
it is a sufficient adjudication upon the patentability of the invention,
and the right of the successful party to a patent for it, to lay the
foundation for a preliminary injunction against the losing parties and
privies to prevent infringement of the patent; and neither alleged an-
ticipation of the invention by others known to them while they were
seeking to obtain a patent for it themselves, nor their own alleged
prior invention, will avail them to prevent the injunction, without be-
ing made clearly to appear.   *Smith* v. *Halkyard,* 16 FED. REP. 414;
*Peck* v. *Lindsay,* 18 O. G. 63; 2 FED. REP. 688; *Holliday* v. *Pickhardt,*
12 FED. REP. 147.   The defendant corporation was not formed so early
as the time of the anticipations relied upon, and is said, therefore, not
to have been within the reach of knowledge of them.   But such cor-
porations have the knowledge of their officers and agents, and no other;
and the other defendant, and the agent of this one, is shown by his
own affidavit to have had full knowledge of the paper collars with
edges turned down relied upon long before and at the time of the in-
terference.   Aub's patent, No. 147,588, is the other principal thing set
up.   That may not have been known to the defendants, or their offi-
cers or agents.   But whether it was or not, it does not appear to be

for the same invention as this patent. This was for a collar or cuff made of two layers of muslin, with the wearing edges folded to prevent unraveling and improve the appearance, and all cemented together by a mixture of starch, spermaceti, and indigo; this is for a collar or cuff made of a single thickness of celluloid, or other pyroxyline material, with the edges turned over on to itself, and cemented down, to form a hem. Neither are the paper collars, with their edges turned over, the same as the collars of the patent. Their edges are not cemented down to form a hem, and the material is not adapted to that treatment. There is no question but that the patent is infringed, if valid.

The motion for a preliminary injunction is granted.