ROGERS TYPOGRAPHIC CO. v. MERGENTHALER LINOTYPE CO.

(Circuit Court, D. New Jersey. November 28, 1893.)

1. PATENTS—ESTOPPEL—INTERFERENCE—ACQUIESCENCE.

The fact that a contestant does not move to dissolve an interference is not such an acquiescence as will estop him, when subsequently sued upon his opponent's patent, from setting up a prior state of the art, so limiting the claims thereof as to prevent infringement.

2. SAME—PRELIMINARY INJUNCTION—WHEN GRANTED.

A preliminary injunction will not be granted when the proofs leave complainant's case in doubt, when defendant's pecuniary responsibility is not questioned, and when very serious injury would be caused to defendant's business, while no irreparable damage would accrue to complainant by a denial of the injunction.

In Equity. Bill by the Rogers Typographic Company against the Mergenthaler Linotype Company for infringement of letters patent No. 474,306, issued May 3, 1892, to Jacob W. Schuckers for "improvements in mechanism for justifying composed lines of type." Heard on motion for a preliminary injunction. Denied.

B. M. Philipp and M. H. Phelps, for the motion.
Frederic H. Betts, opposed.

ACHESON, Circuit Judge. The patent in suit is of recent date, having been granted on May 3, 1892. Acquiescence in its claims by the public cannot be asserted upon the evidence. It has not been the subject of judicial decision. True, in the interference proceedings between Schuckers and Mergenthaler, the concurrent judgment of the examiner of interferences, the examiner in chief, and the commissioner of patents was in favor of Schuckers upon the question of priority of invention; and this might well be deemed good ground for the allowance of a preliminary injunction were that the only question here raised. But such is not the case. Infringement is strenuously denied. The defendant maintains that the antecedent state of the art imposes such limitations upon the Schuckers claims that they cannot rightly be construed to cover the defendant's machine. This is a fundamental question, and one for judicial determination. I do not see how the question could well have been involved in the interference proceedings. Nor am I convinced that by reason of what occurred in the patent office the defendant is precluded from setting up this defense at this preliminary stage of the case. Undoubtedly, the patent office officials gave a very broad interpretation to the interference issues. We discover, however, from a perusal of the decision of the examiner of interferences, that he had great difficulty in determining what scope should be given to the language in which the issues had

been framed, and what was the meaning of certain words and phrases therein employed. Furthermore, it appears that Mergenthaler took the position that certain features of construction were old, and he cited earlier patents, to Ray and others, to show that the issues should receive a very limited and specific construction. He did not, indeed, move to dissolve the interference, and hence may be said to have acquiesced in the view that the respective claims of the contestants were properly put in interference. But the defendant is not thereby estopped, and ought not to be embarrassed in making defense to the present bill because of such admission.

The views of the experts of the respective parties to this suit, as expressed in their affidavits, are wide apart in material matters. Upon the ex parte affidavits and accompanying documentary evidence it cannot be confidently affirmed that the plaintiff's case is entirely free from doubt. The proofs lack completeness. Moreover, the defendant has an established manufacturing business, employing a great force of hands and a large capital. Interference therewith by a preliminary injunction would cause serious injury to the defendant. On the other hand, no irreparable damage can result to the complainant by the denial of summary relief. The pecuniary responsibility of the defendant is not questioned. These combined considerations lead to the conclusion that the court should avoid summary interposition. For such course, in the circumstances of this case, there are safe precedents. Dickerson v. Machine Co.; 35 Fed. 143; Ironclad Manuf'g Co. v. Jacob J. Vollrath Manuf'g Co., 52 Fed. 143. It is hardly necessary to add that with respect to the ultimate rights of the parties the court has formed no opinion. They are to be determined upon full proofs at final hearing.

The motion for a preliminary injunction is denied.