EMPIRE STATE NAIL CO. v. AMERICAN S. L. BUTTON CO. et al.

(Circuit Court, D. Rhode Island.   May 26, 1894.)

No. 2,423.

1. PATENT—DECISION OF PATENT OFFICE.
    A decision of the patent office awarding a patent after an interference contest in which the novelty of the invention is questioned does not rank as a judicial determination of that question, upon which a preliminary injunction may be based.

2. SAME—RES JUDICATA.
    A decree enjoining the infringement of a patent in a suit, where the only defense interposed is the claim that the defendants own the patent, does not raise the presumption of the validity of the patent in a second suit, in which its validity is directly in issue.

Suit by the Empire State Nail Company against the American S. L. Button Company and others for injunction.   Complainant moves for a preliminary injunction.

W. R. Perce and Alan D. Kenyon, for complainant.

W. B. Vincent, for respondents.

CARPENTER, District Judge.   This is a motion for a preliminary injunction under a bill in equity to restrain an alleged infringement of letters patent No. 370,614, issued September 27, 1887, to Thomas F. N. Finch, for furniture nails.   The grounds on which the motion is based are:   First, the decision of the patent office on the question of priority of invention;. and, Secondly, the decree of the circuit court for the southern district of New York in the suit brought by this complainant against Edward H. Faulkner and others.   The respondents Bailey and Talbot were the patentees of the device in question under letters patent No. 248,269, and were put in interference with Finch, under whom the complainant claims; and the contest was ended by an award of priority to Finch.   In that proceeding these respondents made the point that no patent should issue, because the device had been in public use for two years, and this issue was also decided against them.   The patent here in suit then issued.   The decision of the patent office, which was confirmed on appeal, making the observation that there is no provision of law for the raising and decision of this question in the patent office, still goes on to decide the question on the ground that it is within the inherent power of the commissioner to look into the question when raised, for the purpose of enlightening his conscience in the matter of the issue of the patent.   The examiners in chief add that the proceeding at most is merely to determine whether a patent shall issue, and that the rights of the parties remain unaffected to test the matter in the courts, where a decision may be reached "which shall have the binding force of an adjudication, determining the rights of the parties."   This statement expresses, as well as I could hope to express it, my opinion that this decision is not to rank as a judicial determination, on which I could properly rely in ordering a preliminary injunction.

The Faulkner suit was brought to enjoin those respondents from

selling certain buttons which they had purchased from the respondents in this suit, and these respondents undertook and carried on the defense of that suit. A plea was filed that the respondents here are the owners of the patent here in suit, and issue was joined, and on hearing determined for the complainants and a decree was thereupon entered, from which an appeal is now pending. I have no doubt that the respondents here, as the evidence is on this motion, must be held to have been the real respondents in the Faulkner suit. They are therefore bound by the issue of that suit as to the specific acts charged in that suit. The complainants here contend that they are also bound by the finding in that suit so far as it relates to the validity of the patent, and therefore cannot be heard to dispute it. I find, however, that the reason why a former judgment may properly be used as the basis for a preliminary injunction is because the issue in the pending bill has once been made and argued and decided, and therefore the prevailing party is presumptively in the right. If the decree be by consent, although it equally binds the property there in dispute, still it may not be cited in another action as raising any presumption on the question formerly determined by the decree. In the case at bar the validity of the patent is disputed, and that question was not in issue in the Faulkner suit. No testimony thereon was taken, and it was not argued. The decree, indeed, was made establishing the patent, but that decree was founded on the constructive admission of the equity of the bill, which is implied in filing the plea. This admission is only for the purpose of the suit, and does not bind the respondents otherwise. For the purpose, therefore, of informing the court here on the solution of the issue here raised as to the validity of the patent, it seems to me the decree in the Faulkner suit has no more weight than would be given to a decree entered by consent. The motion will be dismissed