REED MFG. CO. v. SMITH & WINCHESTER CO. et al.

(Circuit Court of Appeals, Second Circuit.    April 3, 1901.)

### No. 114.

PATENTS—INFRINGEMENT—INJUNCTION.

In a suit for the infringement of letters patent No. 608,720, for a collar turning and ironing machine, granted August 9, 1898, to William C. Shaw, where it appears that the patent is a recent one, and there is no such proof of long-continued acquiescence by the public as would raise a prima facie case in the patentee's favor, and there is a substantial question as to infringement, which can be settled only on construction of the patent requiring a presentation of the state of the art and a history of the invention, a preliminary injunction should not be granted without proof of a prior adjudication; and the fact that in interference proceedings in the patent office eight different applicants were involved, of whom only the patentee and one other took testimony settling the question of priority between the patentee and that other, is not such an adjudication as the practice calls for.

Appeal from the Circuit Court of the United States for the District of Connecticut.

This cause comes here upon appeal from an order of the circuit court, district of Connecticut, granting an injunction pendente lite in a suit for infringement of a patent. 103 Fed. 796.

Willard Eddy, for appellants.
Hugh C. Lord, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The suit is upon letters patent No. 608,720, dated August 9, 1898, to William C. Shaw for a collar turning and ironing machine. As stated in the specification, it embodies "mechanism for turning the rolls of turn-down collars, and for turning the tips and finishing the edge of stand-up collars; and it consists, substantially, of a vertical semicircular plate, over which the collars are turned, and grooved sadirons, adapted to move in the arcs of circles over said semicircular plate, for ironing the turns

of the collars thereon. Heating devices are also provided upon which the sadirons rest when not in use." The claim sued on is:

"(1) In a collar turning and ironing machine, the combination of a curved flange-shaped former, over which the collar is folded and curved into proper shape for wear, a grooved iron arranged opposite the former, and means for moving the grooved iron into engagement with the former, and for moving one of said parts upon the other, substantially as set forth."

The alleged infringing machine is made under patent No. 627,889, granted June 27, 1899, to defendant Asher. The patent sued upon is a very recent one, and there is no such proof of long-continued acquiescence by the public as would raise a prima facie case in the patentee's favor. Under such circumstances, it is the practice in this circuit to refuse preliminary injunction when there has been no adjudication sustaining the patent, if there appears to be any fair question as to invention, anticipation, construction, or infringement. Dickerson v. Machine Co. (C. C.) 35 Fed. 143.

It will be noted that the claim sued on may be interpreted as containing either three or four elements. Complainant contends that it covers (1) "a curved covered flange-shaped former"; (2) "a grooved iron arranged opposite the former"; (3) means for moving the grooved iron into engagement with the former; (4) means for moving one of said parts upon the other. Defendant contends that it covers (1) and (2) as above; (3) means for moving the grooved iron into engagement with the former, and for moving one of said parts upon the other. In the machine shown in the patent there are two pivoted arms, having operating handles. By manipulation of these arms and handles the sadirons are brought from the shelf on which they have been heated, and placed in engagement with the former, and by further manipulation of said arms and handles the sadirons are moved upon the former. In defendant's machine there is mechanism by which the sadiron is brought into engagement with the former, but when that has been done the operator ceases to operate such mechanism, and with his hands moves the former back and forth under the sadiron.

It is quite manifest that there is presented a substantial question as to infringement, which can be settled only upon construction of the patent, and that requires a presentation of the state of the art and a history of the invention in the patent office. The case would seem to be one in which preliminary injunction should not be granted without proof of prior adjudication. Complainant relies upon a decision of the patent office in an interference proceeding, in which eight different applicants were involved, of whom only Shaw and Asher took testimony. That decision, however, only settled the question of priority as between Shaw and Asher, and is not such an adjudication as the practice calls for, where there is substantial question as to construction and infringement. Dickerson v. Machine Co., supra; Ironclad Mfg. Co. v. Jacob J. Vollrath Mfg. Co. (C. C.) 52 Fed. 143; Rogers Typographic Co. v. Mergenthaler Linotype Co. (C. C.) 58 Fed. 693.

The order appealed from is reversed, with costs of this appeal.