SEIDENBERG v. DAVIDSON.

(Circuit Court, S. D. New York. December 7, 1901.)

**1. PATENTS—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**

Preliminary injunctions are not granted on patents of recent date, where there has been no adjudication sustaining the patent and its validity is contested, but where there is no prior patent or publication submitted, nor any statement as to the prior state of the art, the presumption arising from the granting of the patent is sufficient to warrant the issuing of an injunction when infringement appears.

**2. SAME—INFRINGEMENT—CHIMNEY COWL.**

The Seidenberg patent, No. 674,940, for a chimney cowl, claim 1, *held* infringed on motion for preliminary injunction.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Hillquit & Hillquit, for the motion.

Charles Lyon Russell, opposed.

LACOMBE, Circuit Judge. Counsel for defendant is misinformed as to the practice. Preliminary injunctions are not granted on patents of recent date, where there has been no adjudication sustaining the patent, and its validity is contested. Where, however, as in this case, there is no prior patent or publication submitted, nor any statement as to the prior state of the art, the presumption induced by the granting of the patent is sufficient to warrant the issuing of injunction.

Under a fair application of the doctrine of equivalents, the device of defendant seems to infringe the patent. It has all the improvements upon the older style of cowl, viz. an unobstructed passage for the smoke from the chimney to the opening between the wings, with no bridges located in such passageway to become incrusted with soot.

Infringement of the first claim is found, and injunction pendente lite may issue.