ARMAT MOVING PICTURE CO. v. EDISON MFG. CO.

(Circuit Court of Appeals, Second Circuit. July 24, 1903.)

No. 184.

1. APPEAL—APPEALABLE ORDERS—CONTINUANCE OF INTERLOCUTORY INJUNCTION.

Under section 7 of the act creating the Circuit Courts of Appeals, as amended by Act June 6, 1900 (chapter 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 550]), which provides for an appeal from any interlocutory order or decree granting "or continuing" an injunction, an order made on an application for reargument of a motion for an injunction and a motion to vacate, overruling both said motions and continuing the injunction previously granted, is appealable, although the original injunction was not formally vacated, but merely suspended pending the disposition of such motions.

2. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the defense of license is set up in a suit for infringement of a patent, and the evidence offered on the hearing of a motion for a preliminary injunction is of such contradictory character that the validity of such license cannot be determined therefrom, an injunction should not be granted until final hearing.

Appeal from the Circuit Court of the United States for the Southern District of New York.

See 121 Fed. 559.

Edmund Wetmore and Richard N. Dyer, for appellant.

Melville Church, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The appeal herein is taken from an order continuing a preliminary injunction previously granted to restrain defendant from infringing complainant's patent, No. 586,953, issued July 20, 1897, to Jenkins and Armat, for improvements in phantoscopes.

Complainant contends that the order is not appealable, because the court continued the original injunction instead of first formally vacating and then continuing it. Section 7 of the Evarts act, as amended by the act of June 6, 1900 (chapter 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 550]), provides for an appeal from "any interlocutory order or decree granting or continuing" an injunction. In the case at bar the original injunction was suspended pending a hearing on a motion to show cause why the same should not be vacated, and thereafter the court, in its disposition of said motion, entered the following order:

"Ordered, that the motion for rehearing or reargument of the motion for preliminary injunction and the motion to vacate the order for preliminary injunction 'are denied, and that the preliminary injunction heretofore granted is continued."

¶ 1. Review of interlocutory decree granting or continuing injunction in Circuit Court of Appeals in patent cases, see notes to Fisher v. Browne, 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; New York, N. H. & H. R. Co. v. Sayles, 32 C. C. A. 484.

¶ 2. See Patents, vol. 38, Cent. Dig. § 489.

The objection is technical and formal, and, in view of the language of the act, and of the fact that the action of the court was in accordance with the settled practice in this circuit, should not be sustained.

It is contended that an order continuing an injunction, in order to be appealable, must have some additional effect upon the rights of the parties. Even if this be so (a question which we do not decide), we think the order herein satisfies the statute as thus construed. The original injunction, absolute in terms, was only granted until the further order of the court. Thereafter, a motion for rehearing having been filed, the court suspended the injunction. The motion for rehearing having been argued upon new proofs, and having been denied, two new orders were entered, the one continuing the injunction, the other suspending its operation pending the appeal from the order of continuance. In these circumstances, a new state of facts having been presented and the rights of the parties having been determined anew thereunder, the practical effect was the same as though the court had originally vacated the order instead of suspending it.

The appeal raises the single question of the validity of a license to defendant. It appears from the affidavits and exhibits that on March 25, 1895, Jenkins, one of the patentees of the patent in suit, having filed certain applications for patents for a phantoscope and some new methods of photography, assigned to Armat, the other patentee of the patent in suit, a "one-half interest in the stereopticon or projecting phantoscope, as distinguished from the cabinet form of the instrument," and in any improvements to or patents therein. The assignment further provided for the "promotion" of said invention by Armat, "said promotion to consist in personal efforts on the part of the party of the second part to dispose of said invention to the best possible advantage." On August 28, 1895, Jenkins and Armat filed their joint application for the patent in suit. On May 14, 1896, Jenkins executed an agreement to the American Graphophone Company purporting to grant to it "the exclusive right to make, sell, use and operate the inventions of the party of the first part relating to a process and application known as 'Phantoscope,' including in said term any and all processes, apparatus, devices or appliances for, or in any manner relating to, the exhibition of photographic representations of moving or other objects, such exclusive license to extend to all inventions of the above character in which the said party of the first part now has, or may hereafter have or acquire, any right or interest." On December 24, 1902, said grantee licensed the defendant to use the inventions embraced in said grant from Jenkins, specifically including therein a license under the patent in suit. But on May 15, 1896, Armat, claiming to act under the authority of said contract of March 25, 1895, executed an assignment of the entire right of Jenkins and Armat in the inventions relating to the phantoscope, including the application for the patent in suit, to parties through whom the complainant claims title. Upon these and other facts the complainant contended that, as Jenkins had no legal title to the joint invention when he executed said license, the patent therefor not having then issued, and no title to the patent after issue, by

reason of said Armat assignment of May 15, 1896, prior to the issuance of said patent, the attempted license by Jenkins to the graphophone company was void. The court, in disposing of the question, held as follows:

"The defense of license from some one who, it is claimed, has some interest in a patent sued upon, is one to be made out by defendant by a fair preponderance of proof. In this case there seems not to be sufficient identification of the invention of the patent in suit to Armat and Jenkins with the invention of Jenkins himself, which was the subject of his contract with the graphophone company. It is thought, therefore, that the moving papers do not present sufficient reasons for modifying the injunction already granted, and the motion for rehearing is denied.

"The order of denial should itself contain a clause continuing the injunction, so that, if defendant decides to appeal, all the papers used on original hearing and on application for rehearing may be brought before the appellate court."

It would serve no useful purpose to discuss the further statements in the affidavits herein, from which it appears, inter alia, that Jenkins, while in the employ of the graphophone company, attempted to ratify the Armat assignment, so as to destroy the effect of the prior license to it, and that the Supreme Court of the District of Columbia has held that the attempted assignment of Jenkins' interest by Armat was void. It is not clear, and cannot be satisfactorily determined upon the conflicting affidavits, that Jenkins, by his contract with Armat of March 25, 1895, empowered Armat to divest him (Jenkins) of his interest in the invention in suit. It does not appear what the distinction is between the "projecting phantoscope" as distinguished from the cabinet form. And it is impossible to determine whether the assignment from Jenkins to the graphophone company "of all inventions of the above character in which the said party of the first part now has, or may hereafter have or acquire, any right or interest," did or did not include the interest of Jenkins under the joint application, without the testimony of witnesses as to the relations and situation of the parties and their understanding of the scope of said assignment. It is sufficient to say, therefore, without passing on any of these questions, that the uncertainty as to said agreements, and the contradictory character of the affidavits, leave the question of license in such serious doubt that we think no injunction should issue except after an opportunity has been given to resolve said doubt upon final hearing.

The order is reversed, with costs.