NEWHALL v. McCABE HANGER MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit. October 3, 1903.)

No. 144.

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    A preliminary injunction should not be granted in a suit for infringement of a recent patent which has never been adjudicated, where there is no proof of public acquiescence, and on the showing made there appears to be a fair question as to invention, anticipation, construction, or infringement.

2. SAME—THERMAL DOOR-CLOSING APPARATUS.
    An order granting a preliminary injunction against infringement of the Kingsland patents No. 680,415, claims 4 and 5, and No. 680,458, claim 20, each covering a thermal door-closing apparatus, reversed, on the ground that the patents were unadjudicated and under the proofs there was serious doubt of infringement.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from an order of the United States Circuit Court for the Southern District of New York granting an interlocutory injunction in a suit for infringement of complainant's patents Nos. 680,415 and 680,458, granted August 13, 1901, to O. H. Kingsland.

For opinion below see 117 Fed. 621.

Thomas Ewing, Jr., for appellants.

F. S. Duncan, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The patents in suit relate to door-closing apparatus so constructed as to operate automatically in case of fire. They cover generally an ordinary self-closing fire door and thermal fuse, in combination with a sliding catch or bolt so arranged that, while normally holding said door open, the bolt is releasable by heat and permits the door to close by its own weight.

The bill was filed within one year after the issuance of the patents in suit, they have never been litigated, and there is no proof of public acquiescence. Complainant, however, relies upon a decision adverse to the defendant McCabe in interference proceedings between him and the patentee, Kingsland, and on alleged bad faith on the part of said defendant in procuring the patent under which the alleged infringing devices are manufactured, and contends that there is no question either as to the validity of the patents in suit or their infringement. In Reed Manufacturing Company v. Smith & Winchester Company, 107 Fed. 719, 46 C. C. A. 601, a case where a similar claim was made on behalf of a recently issued patent which had not been adjudicated, this court said, concerning the effect of a decision in interference proceedings, as follows:

"The patent is a very recent one, and there is no such proof of long-continued acquiescence by the public as would raise a prima facie case in the patentee's favor. Under such circumstances it is the practice in this circuit to refuse preliminary injunction where there has been no adjudication sustaining the patent, if there appears to be any fair question as to invention, anticipation, construction, or infringement. Dickerson v. De La Vergne Refrigerating Machine Co. (C. C.) 35 Fed. 143."

The allegations in complainant's affidavits relied on to support said charge of bad faith are to the effect that said Kingsland, being an inspector of fire doors and appliances in the employ of the New York Fire Board of Underwriters, having rejected certain fire-door locks made by the defendant company and applied by the contractor to a certain building, told said contractor that he (Kingsland) had devised a new form of lock which obviated the objections to defendant's lock, and explained to said contractor certain features of its construction and operation; and that said contractor thereupon reported said conversation to defendant McCabe, and "stated that said Kingsland was getting up a fire-door lock which did away with the use of a spring, and that it would be necessary for McCabe to supply deponent with a fire-door lock without a spring in order to pass inspection." Said Kingsland alleges that thereafter he again inspected the fire doors in said building, found that they were equipped with locks manufactured by defendant and like those herein claimed to infringe; that he approved the same, and "was given to understand that James T. McCabe was willing to pay him a royalty on each of the locks that might be manufactured by said McCabe and his company of the same construction," but that although he (Kingsland) re-

fused to make any such arrangement he received from the defendant company, on March 9, 1900, a check for $10 for similar locks used on another building which he had inspected, which check he returned. Prior to the sending of said check, complainant and defendants had filed the applications on which the patents here in controversy issued, and after the sending of said check said interference was declared. The defendant McCabe alleges in his affidavit that he received no suggestion from Kingsland or said contractor that Kingsland was getting up any new lock, and makes statements which, if credited, show that said payment was merely made in order to avoid competition with Kingsland, as inspector for the board of underwriters, on such locks as he had to pass upon.

We fail to discover in complainant's affidavits any allegation which shows such conduct on the part of defendant McCabe as should deprive him of the right to defend against this application. It does not appear that said contractor disclosed to defendant the invention of the patent in suit. Defendant's right to devise a new form of lock to obviate Kingsland's objections was not affected by the mere fact that Kingsland was getting up something with the same end in view. And whatever opinion may be entertained as to the attempted payment of $10 to Kingsland as inspector, we do not perceive how such attempt can affect the issues herein, especially as the patents in suit were not granted until nearly a year and a half thereafter.

The question herein, then, is whether the Circuit Court fairly exercised its discretion in granting a preliminary injunction, in view of the rule .that such injunction should be refused when there is a fair doubt as to invention, anticipation, construction, or infringement. It would serve no useful purpose to discuss at length the state of the prior art as disclosed in defendant's affidavits. It appears, however, that said Kingsland, in his prior patent, No. 576,733, described and claimed a fire-door apparatus from which, according to Kingsland's affidavit and those of complainant's experts, the patents in suit are chiefly differentiated by the utilization of the pressure of the door to insure the removal of the bolt from the path of the door. It does not appear that the operation of defendant's lock depends upon any such pressure, and the court below refused an injunction on claim 10 of patent No. 680,415, which in terms covers this arrangement. The claims as to which infringement is alleged are as follows:

### Patent No. 680,415.

"(4) The combination, with a self-closing door, of a sliding bolt capable of being manually moved in the path in which it slides, and a device comprising a thermal fuse for holding it in that path, releasable by heat for permitting the movement of the bolt out of that path.

"(5) In a thermal door-closing apparatus, a self-closing door, a thermal fuse, a bar extending across the line of travel of the door and capable of being manually withdrawn out of said line of travel, a locking device connected with said thermal fuse for holding the bar in said path when the fuse is intact, and permitting the movement of the bar out of said path when the fuse is broken."

### Patent No. 680,458.

"(20) The combination, with a self-closing door, of a sliding bolt capable of being manually moved in the path in which it slides, and a device

for holding it in that path, releasable by heat, for permitting the movement of the bolt out of that path."

Claim 4 of No. 680,415, and claim 20 of No. 680,458, are practically identical, and the specifications and drawings of the two patents seem to relate to the same construction, so far as the issues herein are concerned. It would seem that the only possible novel element covered by these claims is the locking device for holding the sliding bolt in its path. This device is radically different in construction from that used by defendant. The simplicity of defendant's construction, in view of a prior art, of which the court might almost take judicial notice, is at once suggestive of invalidity of the patent under which it is constructed and of noninfringement of any patented construction, especially ones so limited by the prior art and so complicated as those of the patents in suit.

It is unnecessary to discuss the other contentions of defendant. The affidavits and exhibits raise such a serious question as to infringement that, under the rule already stated, we think the application for a preliminary injunction should have been refused.

The order appealed from is reversed, with costs.