### LAAS et al. v. SCOTT et al.

Circuit Court, E. D. Wisconsin. May 3, 1906.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

On an application for a preliminary injunction to restrain infringement of a patent, by a defendant over whom complainant prevailed in interference proceedings in the Patent Office and in the Supreme Court of the District of Columbia on appeal therefrom, the judgment of such court creates a presumption in complainant's favor as to the question of priority of invention, and, where that is the only question in issue, entitles him to the injunction, unless overcome by proof establishing defendant's contention beyond a reasonable doubt.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Raymond & Barnett, for complainants.
E. H. Bottum, for defendants.

QUARLES, District Judge. This is a motion for a preliminary injunction based upon a bill in equity charging infringement of United States letters patent No. 757,754, praying an accounting and injunction, and is also predicated upon the affidavit of Robert H. Wiles, a mechanical expert, who swears that there is substantial identity between the devices of complainants and defendants. The defendants in reply rely upon their answer and certain affidavits, and affidavits were submitted by complainants in rebuttal. These affidavits disclose a sharp conflict as to facts, and involve charges of perjury and mutilation of entries in books of account, etc.

The answer admits that Scott, one of the defendants, filed an application in the Patent Office for a patent upon a device claimed in terms in the specification of letters patent No. 757,754. It admits an interference in the Patent Office as to claims one and two of complainants' patent; that proceedings were had and testimony taken on both sides; and that such case was carried by appeal through the several tribunals of the Patent Office, and thereupon an appeal was taken

from the ruling of the Commissioner of Patents to the Court of Appeals of the District of Columbia, where the issue of priority was decided in favor of the complainants. It is admitted in the answer that defendants are manufacturing and selling rail stays after the Scott device, but not in such quantities as charged in the bill. The answer contains no reference to the prior art, and the patent of the complainants is not impeached on any other ground. It has been held that having applied for a patent upon the identical device, the defendants could not with good grace raise an issue as to patentability. Thomas v. Electric Co. (C. C.) 111 Fed. 923.

The defendants again raise the same issue which was settled adversely to them by the Court of Appeals of the District of Columbia, and still insist that the defendant Scott was the original inventor, and was guilty of no laches in presenting his application to the Patent Office, and is therefore entitled to be held and considered the original inventor of such device. All the affidavits on both sides relate to the question of priority. Thus it appears that the defendants seek in this action a retrial of the identical issue that was decided adversely to them by the Court of Appeals of the District of Columbia. There may be good ground for contending that the determination of the Court of Appeals is a finality as to the very parties who litigated this question in that tribunal. It will be remembered that the Supreme Court of the District of Columbia had no jurisdiction over interferences, but that jurisdiction is expressly conferred upon the Court of Appeals by section 9 of chapter 74, 27 Stat. 436, Act Feb. 5, 1893 [U. S. Comp. St. 1901, p. 3391] without any qualification whatever. It is a court of general jurisdiction.

If it were not for section 4915, Rev. St. [U. S. Comp. St. 1901, p. 3392] there could be no question as to the conclusiveness of this judgment between the parties thereto. But it is not necessary to decide or further consider that question for the purposes of this motion. The authorities seem to be agreed that when one has sustained his right to priority of invention in a contested interference, he is entitled to a strong presumption in his favor. Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017; Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657. There seems to be sufficient authority for the further proposition that the complainants who have thus maintained their contention of priority are prima facie entitled to a preliminary injunction pendente lite. 2 Robinson, § 5613; Smith v. Halkyard, (C. C.) 16 Fed. 414; Palmer Tire Co. v. Newton Rubber Works (C. C.) 73 Fed. 218; Barr v. New York Co. (C. C.) 32 Fed. 79; Celluloid Co. v. Chrolithian Co. (C. C.) 24 Fed. 275. This conclusion is consonant with reason. These parties figured in the interference. There is in this suit no issue raised except the question of priority. There would seem to be no necessity for requiring proof of any other adjudication as a condition precedent to injunctional relief. It is practically conceded that defendants are marketing a device covered by the monopoly that complainants are entitled to enjoy by virtue of their patent, and it is averred in the bill, and not specifically denied, that

defendants are not financially responsible to answer for the damages, savings, and profits that may be awarded against them herein. Seidenberg v. Davidson (C. C.) 112 Fed. 431.

The law seems to be well settled that in asserting the priority of their invention in the teeth of the decision of the Court of Appeals, the defendants are assuming a burden analogous to that which devolves upon the prosecutor in a criminal case. They must satisfy the court beyond a reasonable doubt. Therefore it would seem that the only question left open on this application is whether the defendants by their ex parte showing here have successfully maintained their contention beyond a reasonable doubt.

In view of the fact that the defendants have since the argument of this motion filed a cross-bill under section 4915, Rev. St. [U. S. Comp. St. 1901, p. 3392] for a retrial in equity, and as the persons making these several affidavits will undoubtedly be witnesses upon such hearing, it is not expedient that the court should discuss the affidavits in detail. It is perhaps sufficient to say that the showing made by the defendants does not exclude every reasonable doubt that the defendant Scott was the first meritorious inventor of the device in question; that the strong presumption that the law raises in favor of the complainants by reason of the decision of the Court of Appeals of the District of Columbia, has not been met and overcome by the affidavits here presented, and therefore the court is constrained to hold that complainants are entitled to a preliminary injunction as prayed, and it is so ordered.