SCOTT et al. v. LAAS et al.

(Circuit Court of Appeals, Seventh Circuit. January 2. 1907.)

No. 1,307.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A decision of the Court of Appeals of the District of Columbia on appeal affirming that of the Patent Office in interference proceedings involving the question of priority of invention is a sufficient reinforcement of the presumption of validity arising from the grant of the patent to authorize a court in its discretion to grant a preliminary injunction to restrain infringement of the patent by the unsuccessful contestant, where the only defense made is that of priority of invention and infringement is not denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 473, 474.]

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

The appellants are the defendants below in a bill filed by the appellees alleging infringement of United States letters patent No. 757,754, for "railway-rail stay," issued to Laas and Sponenburg, April 19, 1904; and this appeal is from an order of the Circuit Court granting a preliminary injunction. The injunctional order rests upon the bill, answer, and affidavits, which disclose interference proceedings in the Patent Office between the individual defendants, carried by appeal to the Court of Appeals of the District of Columbia, and issue of the patent in suit pursuant to decision thereupon. No issue of infringement in fact is raised, and the opinion filed in the Circuit Court states the ground upon which the order was granted, as follows:

QUARLES, District Judge. This is a motion for a preliminary injunction based upon a bill in equity charging infringement of United States letters patent No. 757,754, praying an accounting and injunction, and is also predicated upon the affidavit of Robert H. Wiles, a mechanical expert, who swears that there is substantial identity between the devices of complainants and defendants. The defendants in reply rely upon their answer and certain affidavits, and affidavits were submitted by complainants in rebuttal. These affidavits disclose a sharp conflict as to facts, and involve charges of perjury and mutilation of entries in books of account, etc.

The answer admits that Scott, one of the defendants, filed an application in the Patent Office for a patent upon a device claimed in terms in the specification of letters patent No. 757,754. It admits an interference in the Patent Office as to claims 1 and 2 of complainants' patent, that proceedings were had and testimony taken on both sides, and that such case was carried by appeal through the several tribunals of the Patent Office, and thereupon an appeal was taken from the ruling of the Commissioner of Patents to the Court of Appeals of the District of Columbia, where the issue of priority was decided in favor of the complainants. It is admitted in the answer that defendants are manufacturing and selling rail stays after the Scott device, but not in such quantities as charged in the bill. The answer contains no reference to the prior art, and the patent of the complainants is not impeached on any other ground. It has been held that having applied for a patent upon the identical device the defendants could not with good grace raise an issue as to patentability. Thomas v. Electric Co. (C. C.) 111 Fed. 923. The defendants again raise the same issue which was settled adversely to them by the Court of Appeals of the District of Columbia, and still insist that the defendant Scott was the original inventor, and was guilty of no laches in presenting

his application to the Patent Office, and is therefore entitled to be held and considered the original inventor of such device. All the affidavits on both sides relate to the question of priority. Thus it appears that the defendants seek in this action a retrial of the identical issue that was decided adversely to them by the Court of Appeals of the District of Columbia.

There may be good ground for contending that the determination of the Court of Appeals is a finality as to the very parties who litigated this question in that tribunal. It will be remembered that the Supreme Court of the District of Columbia had no jurisdiction over interferences, but that jurisdiction is expressly conferred upon the Court of Appeals by section 9 of chapter 74 of 27 Statutes at Large, without any qualification whatever. It is a court of general jurisdiction, and by section 8 of the act above cited an appeal lies to the Supreme Court of the United States from every final judgment or decree thereof.

If it were not for section 4915, Rev. St. (c. 74, 27 Stat. 436 [U. S. Comp. St. 1901, p. 3392]), there could be no question as to the conclusiveness of this judgment between the parties thereto. But it is not necessary to decide or further consider that question for the purpose of this motion. The authorities seem to be agreed that, when one has sustained his right to priority of invention in a contested interference, he is entitled to a strong presumption in his favor. Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017; Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657. There seems to be sufficient authority for the further proposition that the complainants who have thus maintained their contention of priority are prima facie entitled to a preliminary injunction pendente lite. 2 Robinson, § 5613; Smith v. Halkyard (C. C.) 16 Fed. 414; Palmer Tire Co. v. Newton Rubber Works (C. C.) 73 Fed. 218; Barr v. New York Co. (C. C.) 32 Fed. 79; Celluloid Co. v. Chrolithian Co. (C. C.) 24 Fed. 275. This conclusion is consonant with reason. These parties figured in the interference. There is in this suit no issue raised except the question of priority. There would seem to be no necessity for requiring proof of any other adjudication as a condition precedent to injunctional relief. It is practically conceded that defendants are marketing a device covered by the monopoly that complainants are entitled to enjoy by virtue of their patent, and it is averred in the bill, and not specifically denied, that defendants are not financially responsible to answer for the damages, savings, and profits that may be awarded against them herein. Seidenberg v. Davidson (C. C.) 112 Fed. 431.

The law seems to be well settled that in asserting the priority of their invention in the teeth of the decision of the Court of Appeals the defendants are assuming a burden analogous to that which devolves upon the prosecutor in a criminal case. They must satisfy the court beyond a reasonable doubt. Therefore it would seem that the only question left open on this application is whether the defendants by their ex parte showing here have successfully maintained their contention beyond a reasonable doubt.

In view of the fact that the defendants have since the argument of this motion filed a cross-bill under section 4915, Rev. St. [U. S. Comp. St. 1901, p. 3392] for a retrial in equity, and as the persons making these several affidavits will undoubtedly be witnesses upon such hearing, it is not expedient that the court should discuss the affidavits in detail. It is perhaps sufficient to say that the showing made by the defendants does not exclude every reasonable doubt that the defendant Scott was the first meritorious inventor of the device in question; that the strong presumption that the law raises in favor of the complainants by reason of the decision of the Court of Appeals of the District of Columbia, has not been met and overcome by the affidavits here presented, and therefore the court is constrained to hold that complainants are entitled to a preliminary injunction as prayed, and it is so ordered.

E. H. Bottom and Chas. C. Linthicum, for appellants.

Jas. H. Raymond and Otto C. Barnett, for appellees.

Before GROSSCUP, BAKER and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge, after stating the facts, delivered the opinion of the court.

These propositions, at least, are well established, not only in the rulings of this court, but under all the authorities, in reference to preliminary relief in favor of the owner of a patent when the fact of infringement is charged and undisputed: (1) That an injunction pendente lite may issue, if patentable invention appears on the face of the patent, and the presumptions arising from the grant have been reinforced by the decision of a competent court, upholding the invention, upon issues duly raised and fairly litigated. (2) That on appeal from an order so predicated the only inquiry is whether the discretion of the court was improperly exercised under the circumstances; and when disputed questions of fact are raised, as to priority of invention or like issues, which were alike involved in the prior litigation, it is plainly within that discretion, to say the least, to reserve their determination for final hearing upon full proof. The injunctional order from which this appeal is brought was thus well founded under the first-mentioned doctrine; and it is unnecessary to consider other rules which are pressed in the argument, but not involved in the case, as authorizing or not authorizing such relief. The opinion filed below upon granting the order rightly recognizes the interference proceedings and decision therein of the Court of Appeals of the District of Columbia as within the meaning of the doctrine above stated, and well states the ground for the allowance. We are content to rest affirmance thereupon, with the remark, however, that the decision of the Court of Appeals referred to arose upon the statutory appeal from the ruling of the Patent Office, in the interference proceeding, under the testimony there adduced. Consideration thereof remains for final hearing, and no intimation is intended that such decision is res judicata or conclusive in the present controversy, or of other than persuasive effect in reference to facts thus involved.

The order of the Circuit Court is affirmed.