### TURNER BRASS WORKS et al. v. APPLIANCE MFG. CO.

(Circuit Court, N. D. Illinois, E. D.   August 4, 1908.)

#### No. 28,979.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.

> Ordinarily a decision of the Patent Office in interference proceedings, awarding a patent to one of two applicants, does not constitute a prior adjudication of the validity of the patent, which will warrant the granting of a preliminary injunction to restrain its infringement even against the unsuccessful applicant, nor estop him from contesting its validity, except on the ground of his own priority of invention.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 486.
>
> Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity.   On motion for preliminary injunction.

George T. May, Jr. (Frederick W. Moore, of counsel), for complainants.

Dyrenforth, Lee, Chritton & Wiles (William B. Davies, of counsel), for defendant.

KOHLSAAT, Circuit Judge.   This cause is now before the court on motion for a preliminary injunction. The bill seeks to restrain defendant from infringement of patent No. 873,544, granted to Harroun, December 10, 1907, for an automobile fender. The defense rests upon want of validity alone. The following facts are relied on by complainants to bring the cause within the requirements of the courts in cases where a preliminary injunction is sought: Both Harroun and one Schureman were applicants in the Patent Office for patents covering substantially the device of the patent in suit. An interference being declared, Schureman abandoned all further effort, and his claims, so far as pertinent, were awarded to Harroun. Thereafter Schureman organized the defendant company and proceeded to manufacture the device of his original application, in substance, paying no regard to the rights granted to Harroun.

Both complainant and defendant, respectively, claim to have established a fair business. There was, so far as shown, no contest in the Patent Office; nor does it appear that Schureman knew what matters were urged by Harroun in support of his application. There is no

sufficient ground shown for charging him with bad faith in asserting the invalidity of the patent in suit, in view of the prior art, as defendant now does assert; so that the cause does not come within those decisions which deal with that question. No continued public acquiescence is claimed. Unless the action of the Patent Office in awarding priority on interference amounts to the prior adjudication contemplated in Standard Elevator Co. v. Crane, 56 Fed. 718, 6 C. C. A. 100, the court would seem to be without authority to enjoin defendant in limine.

Primarily, the only question raised in interference proceedings is that of priority. Of course, should the examiner discover indubitable nonpatentability in the subject-matter of the applications, it would be his duty to reject both applications, as not presenting any matter or rights upon which he could act; but, generally speaking, the only vitality a patent so issued could possess, as to validity, in the absence of matters creating an estoppel, even against the defeated party, would be that bare presumption which attaches to a grant of the Patent Office. Ordinarily, the decision on interference does not raise the presumption of validity required. Newhall v. McCabe Hanger Mfg. Co., 125 Fed. 919, 60 C. C. A. 629, and cases cited; Automatic Weighing Machine Co. v. Pneumatic Scale Corp. (C. C.) 158 Fed. 415; Reed Mfg. Co. v. Smith & Winchester Co., 107 Fed. 719, 46 C. C. A. 601, and cases cited; Empire State Nail Co. v. American S. L. Button Co. (C. C.) 61 Fed. 650.

It is urged that defendant is estopped from attacking the validity of the patent in suit for the reason that Schureman was in the Patent Office asserting patentable novelty. In the absence of proof that he was then fully advised of the condition of the prior art and is now acting in bad faith, the position is not tenable. Both by statute and decisions, defendant is entitled to contest the finding of the Examiner of Patents upon every question at a final hearing. Walker on Patents (4th Ed.) § 142, and cases cited. For the purpose of this motion, he would, under the rule laid down by Judge Quarles in Laas v. Scott (C. C.) 145 Fed. 195, and affirmed 150 Fed. 764, 80 C. C. A. 500, be precluded from raising the question of priority. This defendant does not seek to do at the present time.

It will be noted that the Court of Appeals, in affirming, reassert the principle of law that on an application for an injunction pendente lite the presumptions arising from the grant of a patent must be "reinforced by the decision of a competent court upholding the invention upon issues duly raised and fairly litigated." The validity of the patent is vigorously assailed, so strenuously, indeed, that the court is not able unhesitatingly to say that there is unquestioned patentable novelty upon the record now presented—novelty so clear and convincing as to justify a prejudgment of the case. Nor are the circumstances of the case such as to take it outside the requirements of the Elevator Case above cited.

The motion for a preliminary injunction is denied.