PERFECTION COOLER CO. v. ROSE MFG. CO. et al.

(Circuit Court, S. D. New York. November 22, 1909.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   The fact that an applicant for a patent was successful in interference proceedings in the Patent Office is presumptive evidence of the validity of his patent, on a motion for a preliminary injunction, as against the other party to the proceeding, only so far as concerns the question of priority of invention.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 486; Dec. Dig. § 297.*]

   In Equity. Suit by the Perfection Cooler Company against the Rose Manufacturing Company and Alonzo N. Rose. On motion for preliminary injunction. Motion denied.

Ralph L. Scott (Philip Mauro and Allen S. Pattison, of counsel), for complainant.

Charles Neave and William G. McKnight, for defendants.

HOLT, District Judge. The general statement in the case of Edward Barr Co. v. N. Y. & N. H. Automatic Sprinkler Co. (C. C.) 32 Fed. 79, that, if a patent has successfully undergone an interference in the Patent Office, the validity of the patent will be presumed, as between the parties to the interference, is, I think, to be construed in the light of later decisions as applying only to cases in which the only question in controversy is priority of invention. When the claim is made that a patent is invalid because anticipated by other patents, or publication, or by public use more than two years before the application, the fact of a decision in an interference proceeding in the Patent Office does not raise a sufficient presumption that the complainant on final hearing will be entitled to a permanent injunction to justify the issuing of a preliminary injunction. Dickerson v. De La Vergne Refrigerating Machine Co. (C. C.) 35 Fed. 143; Reed Mfg. Co. v. Smith & Winchester Co., 107 Fed. 719, 46 C. C. A. 601; Newhall v. McCabe Hanger Mfg. Co., 125 Fed. 919, 60 C. C. A. 629; Turner Brass Works v. Appliance Mfg. Co. (C. C.) 164 Fed. 195.

Motion denied.