### VACUUM CLEANER CO. v. WALDORF-ASTORIA HOTEL CO.

(Circuit Court, S. D. New York. August 25, 1910.)

1. PATENTS (§ 297*)—SUIT FOR INGFRINGEMENT—PRELIMINARY INJUNCTION.
    The rules governing the practice with respect to the granting of preliminary injunctions on unadjudicated patents considered.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

2. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—"FAIR DOUBT."
    Under the rule that a preliminary injunction should not be granted on an unadjudicated patent if there is "a fair doubt as to invention, anticipation, construction or infringement," the term "fair doubt" does not refer only to the effect produced on the judicial mind by the direct evidence submitted on the motion, but is wide enough to cover a belief that other reachable testimony exists which by reasonable effort the party may adduce.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*
    Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

3. PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—VACUUM CLEANER.
    A preliminary injunction against infringement of the Kenney patents, Nos. 847,947 and 847,948, relating to vacuum cleaners, denied.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489, 490–495; Dec. Dig. § 301.*]

In Equity. Suit by the Vacuum Cleaner Company against the Waldorf-Astoria Hotel Company for infringement of letters patent Nos. 847,947 and 847,948 to Kenney for vacuum cleaner. On motion for preliminary injunction. Denied.

See, also, 198 Fed. 867.

Ewing & Ewing, Thomas Ewing, Jr., and V. M. Dorsey, for the motion.

William R. Baird (Stephen J. Cox, of counsel), opposed.

HOUGH, District Judge. [1] This action is upon an unadjudicated patent. Admittedly this does not by itself constitute a reason for refusing injunctive relief before final decree; yet it is interesting to note how difficult it has been to sustain preliminary injunctions on unadjudicated patents whenever the party enjoined has had courage or money enough to take the matter to the appellate court. Complainant cites and relies upon the Circuit Court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decisions of which Fuller v. Gilmore (C. C.) 121 Fed. 129, is the best known. With the doctrine of these cases I fully agree, for it would seem that, where the matters in controversy are confined to an examination of the prior art as revealed in other patents, to the construction of some claim or claims of the patent in suit, or the decision of questions of title depending upon the meaning of written documents, no reason exists for not deciding the matters in controversy on affidavits and an examination of uncontroverted documents, instead of requiring the parties to present exactly the same matter to the court in lengthy and expensive fashion.

Nevertheless an examination of such cases in the Circuit Court of Appeals as Sprague Electric, etc., Co. v. Nassau, etc., Co., 95 Fed. 821, 37 C. C. A. 286, Newhall v. McCabe Hanger, etc., Co., 125 Fed. 919, 60 C. C. A. 629, and Armat Moving Picture Co. v. Edison Mfg. Co., 125 Fed. 939, 60 C. C. A. 380, shows in my opinion upon what a slender foundation the so-called rule of the Second Circuit rests. The function of the appellate court has more frequently been directed to discovering doubt, and thus delaying decision, than to adjudicating matters far more fully and elaborately presented to the lower court than it was the practice in equity to do when so vital a litigation as that over the Morse electric telegraph reached the Supreme Court. The record of that case, compared with modern records, is an instructive example of deterioration in procedure.

I am aware (though my examination has not been exhaustive) of but one case in which (when the law permitted it) a motion for preliminary injunction which had been lost in the court below prevailed in the Circuit Court of Appeals; and Pelzer v. City of Binghamton, 95 Fed. 823, 37 C. C. A. 288, is also applicable to this case, in that a user against whom an injunction pendente lite was ultimately granted occupied substantially the same position as does the Waldorf-Astoria Company in the present litigation.

[2] While believing, therefore, that the granting of a preliminary injunction upon an unadjudicated patent in any but almost undefended cases is far more likely to involve all parties in idle expense than to benefit even the most meritorious complainant, it is my duty to apply the theory laid down as a rule in the Newhall Case, supra, 125 Fed. 921, 60 C. C. A. 631, viz.: That the injunction prayed for should be granted, unless there is "a fair doubt as to invention, anticipation, construction or infringement." It would serve no useful purpose to discuss at large in this memorandum the arguments presented as to invention, construction, and infringement. It is sufficient to note that so far as I am concerned I believe, upon a record far more intelligible than the average of those presented at final hearings, that complainant should prevail. I am also of opinion that under present rulings it would be my duty (sitting in a court of first instance) to overrule the defense based upon the International Convention of Paris, even though I think that the arguments of Archbald, J., in the Hennibique Case have never been answered. The defense of anticipation, as applied

to this motion, requires some exposition of what I think is meant by the "fair doubt" spoken of in the Newhall Case, supra.

That Westman's patent used merely as a reference does not anticipate Kenney I have no doubt. But it is vigorously urged that, before Kenney made application for his patent, Westman had as matter of fact dispensed with the brush shown in his drawings and described in his specifications, and used the balance of his device as a true suction cleaner, dependent for its successful operation upon a narrow elongated slot kept in sealing contact with the article to be cleaned. It is believed that if Westman did this commercially, and when and as alleged, the defense of prior use is established. On the affidavits submitted on this motion I have no doubt at all that this defense has not been established. Therefore in one sense I do not think the court can be said to have a fair doubt.

But it does not seem to me that fair doubt refers only to the effect produced on the judicial mind by the direct evidence submitted on motion for preliminary injunction. That doubt should be wide enough to cover a belief that other reachable testimony exists which, by reasonable effort, the party may adduce.

[3] That is the case here. This action has been pending for over a year. Other actions upon the same patent have been pending against other persons. A cursory examination of the proceedings in one of those other actions persuades me that it would be an improper exercise of power to grant a preliminary injunction when the matter directly submitted in this case is no more (so far as the Westman prior use is concerned) than certain excerpts from the testimony in other cases. The Westman defense is serious; and, where no preliminary injunction has been moved for in those cases in which it has been fully gone into, I must decline to grant injunctive relief at present in this case, in which it has merely been hinted at.

Motion denied.